.PEOPLE *v.* UNDERWOOD.

1. CRIMINAL LAW—EXCUSING JUROR—FIREMEN EXEMPT FROM JURY SERVICE.

A conviction of a violation of the motor vehicle law in a justice's court, *held*, not void because the justice, without the knowledge and consent of defendant, over the telephone, excused a juror drawn and selected and duly summoned to appear, where it appears that said juror was a member of a fire department and was excused from jury service by the law (3 Comp. Laws 1915, § 12207).

2. SAME—EXCUSING JUROR FOR CAUSE.

A showing to the satisfaction of the justice, in a criminal case, that his business would unduly suffer if he was required to serve on the jury, *held*, sufficient cause to excuse a juror.

3. APPEAL AND ERROR—APPEALS FROM JUSTICE'S COURTS.

If an appeal from a justice's court is well taken and prosecuted, it vacates and supersedes the judgment appealed from, and places the case within the jurisdiction of the

appellate court, to be proceeded in, almost, if not entirely, in the same manner as if it were an original proceeding in the appellate court.

4. SAME—RETURN OF JUSTICE CONTROLLING.
    An assignment of error attacking the return of the justice must be overruled; the return of the justice being controlling.

Exceptions before judgment from Grand Traverse; Mayne (Frederick W.), J.     Submitted January 15, 1920.   (Docket No. 106.)   Decided February 27, 1920.

Merritt W. Underwood was convicted of violating the motor vehicle law.   Affirmed.

*J. J. Tweddle,* for appellant.

*Alex. J. Groesbeck,* Attorney General, and *John O. Duncan,* Prosecuting Attorney, for the people.

MOORE, C. J.   The respondent was on the 27th day of May, 1918, complained against before Charles H. Hanslovsky, a justice of the peace, charged with a violation of the motor vehicle law (1 Comp. Laws 1915, § 4797 *et seq.*), in that respondent did on the 26th day of May, 1918, at the township of East Bay, in said county, drive and operate a motor vehicle, to-wit, an automobile, at a rate of speed faster than 25 miles per hour, and that the said Merritt W. Underwood was then and there driving and operating said automobile at the rate of to-wit, 35 miles per hour, contrary to the form of the statute in such case made and provided, etc.   The cause was tried before a jury on the 31st day of May, 1918, who found respondent guilty.   A judgment which it is claimed was invalid was pronounced by the justice of the peace.   The respondent appealed from the said verdict and judgment in accordance with section 15786, 3 Comp. Laws 1915.   He entered into the following recognizance:

"STATE OF MICHIGAN,   \
COUNTY OF GRAND TRAVERSE  } ss.

"Be it remembered that on this 8th day of June, A.
A. 1918, Merritt W. Underwood, of Traverse City, in
said county, Anton W. Bartak, of Traverse City,
Michigan, in said county, personally came before me,
Charles H. Hanslovsky a justice of the peace of the
city of Traverse City, in said county of Grand Trav-
erse, and severally and respectively acknowledged
themselves to be indebted to the people of the State of
Michigan in the sum of one hundred dollars, to be
levied of their goods and chattels, lands and tenements
to the use of the said people, if the said Merritt W.
Underwood shall make default in the condition follow-
ing:

"Whereas the said Merritt W. Underwood was on
the 31st day of May, A. D. 1918, brought before me,
the said justice of the peace, by virtue of a warrant
issued by me, upon the complaint in writing and upon
oath of Albert Carlisle, East Bay township, taken be-
fore and by me, the said justice of the peace, at Trav-
erse City, in the said county of Grand Traverse, on the
27th day of May, A. D. 1918, in which said complaint
and warrant, the said Merritt W. Underwood was
charged with having committed the following offense:
That heretofore, to-wit on the 26th day of May, A. D.
1918, at the township of East Bay, in the county afore-
said, one Merritt W. Underwood did drive and operate
a motor vehicle to-wit, an automobile, at a rate of
speed faster than twenty-five miles per hour, and that
the said Merritt W. Underwood was then and there
driving and operating said automobile at the rate of,
to-wit thirty-five miles per hour, contrary to the form
of the statute in such case made and provided, of
which said offense as above set forth the said Merritt
W. Underwood after trial therefor, was duly convicted
and found guilty before jury on the 31st day of May,
A. D. 1918.

"Whereupon, I, the said justice of the peace, did
render judgment and sentence, that the said Merritt
W. Underwood should pay a fine of ten dollars and
costs of prosecution of $27.10 or serve thirty days in
county jail.

"Now therefore, the condition of this recognizance

is such, that if the said Merritt W. Underwood shall be and appear personally at the next term of the circuit court to be held in and for the county of Grand Traverse on the 10th day of June, A. D. 1918, at the court house in the city of Traverse City, in said county, and prosecute said appeal at said term to effect, and abide the orders and judgment of said circuit court, then this recognizance to be void, otherwise to remain in full force and virtue."

The justice made a return to the circuit court. The respondent deemed this return inadequate and upon his application two additional returns were made by the justice of the peace. The respondent made a motion in the circuit court to quash the proceedings for various reasons. This motion was overruled. The case was tried and the jury returned a verdict of guilty. A motion was made in arrest of judgment which was overruled. The case is here on exceptions before sentence.

The assignments of error are as follows:

"(1) The court erred in overruling and denying defendant's motion in arrest of judgment.

"(2) The court erred in overruling the objection of defendant to the introduction of any evidence in said cause on the trial in the circuit court, for the reasons that the judgment appealed from is void on its face, being in the alternative and the trial in justice court and the selecting a jury for this cause was not in accordance with the laws of this State, and one of the jurors was excused by the justice without appearing in court after being duly summoned to appear.

"(3) The court erred in denying the motion of defendant to quash the proceedings in said cause for the reasons that Otto Kyselka, a juror selected from the original eighteen and chosen to try the case, was within the jurisdiction of the justice court, duly summoned to appear and did not appear before the court, the jury finally selected to try said cause was selected illegally and not in accordance with the laws of this State.

"(4) The court erred in denying the motion of de-

fendant, dated January 15th, 1918, to dismiss and quash the proceedings in said cause and discharge the respondent for the reasons that Otto Kyselka, a juror drawn and selected in said justice court, was excused by said justice over the telephone, without the knowledge or consent of defendant, and that Fred Hunter, a juror, after being summoned, did appear in said court, but was discharged without any legal reason and against the objection of defendant.

"(5) The court erred in denying the motion of defendant dated February 27th, 1919, to set aside the judgment in said cause and discharge the defendant for the reasons that the judgment appealed from in justice court is in the alternative and the sentence imposed is in the alternative, and the sentence contained no provision that in the event defendant was imprisoned he should be released if the fine imposed was paid within thirty days.

"(6) The court erred in denying the motion of defendant, filed June 14th, 1918, to set aside the judgment in said cause, and quash the proceedings relative to the selection of the said jury in justice court and particularly as to the juror, Otto Kyselka, selected as one of the six to try the said cause, who was within the jurisdiction of the justice court, was duly summoned to appear and did not appear before the court.

"(7) The court erred in denying defendant's motion for arrest of judgment in said cause, because this record and the several returns of the justice fails to show affirmatively that said circuit court acquired jurisdiction to try said cause and respondent should have been discharged for that reason.

"(8) The court erred in holding that valid judgment was rendered in said justice court and that the jury was legally selected in said court for the reason that the return of said justice, filed June 13th, 1918, recites as follows: The following talesmen were selected and examined in the said cause: John McIntosh, Timothy Temple, William Hogan, Ray Whaley, George Harvey and Ed. Knowles, to which no objection for cause was then and there made or offered by the defendant to the said jurors. That said defendant did then and there object to a trial by the said jurors for the reason that a new list of eighteen jurors

was not then and there made from which to select jurors, which objection was overruled by me."

Assignments 2, 4 and 6 may be considered together. The return of the justice shows that Mr. Kyselka was exempt from jury service because he was a member of the fire department and when he asked over the telephone to be excused for that reason he was so excused. There is no question raised that this man was a member of the fire department and that the law excused him from jury service. 3 Comp. Laws 1915, § 12207.

The return shows that Mr. Hunter was excused because he made it appear to the satisfaction of the justice that his business would unduly suffer if he was required to serve on the jury. ' See Tiffany's Criminal Law (4th Ed.), p. 202, and cases there cited. These assignments of error are not well taken.

Assignments 3, 5 and 7 may be considered together.

Tiffany's Criminal Law (4th Ed.), at page 270, reads:

"If an appeal is well taken and prosecuted, it vacates and supersedes the judgment appealed from, and places the case within the jurisdiction of the appellate court, to be proceeded in, almost, if not entirely, in the same manner as if it were an original proceeding in the appellate court."

These assignments are not well taken.

The 8th assignment must be overruled for the reason that the return of the justice is controlling.

The verdict is affirmed, and the case is remanded for further proceedings.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.