M. F. SICKLY, *Appellant,* v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF ALLEN, *Appellee.*

No. 16,805.

SYLLABUS BY THE COURT.

STATUTES—*Implied Repeal—Assessors—Census.* A statute requiring assessors to make an annual report of the number of inhabitants in their respective districts is not superseded by a later act requiring them once in ten years to make returns showing, among other things, the age, sex, color and nativity of each inhabitant.

Appeal from Allen district court. Opinion filed January 7, 1911. Affirmed.

*Altes H. Campbell,* and *John F. Goshorn,* for the appellant.

*H. A. Ewing, S. A. Gard* and *G. R. Gard,* for the appellee.

The opinion of the court was delivered by

MASON, J.:    M. F. Sickly, as treasurer of Allen county, claimed to be entitled to a salary of $2000. The commissioners paid him upon the basis of $1800. He sued for the difference, and, having failed to recover, appeals. The statute provides that the treasurer's salary shall be $1800 in counties having between 25,000 and 30,000 inhabitants, and $2000 in those having from 30,000 to 35,000 (Laws 1899, ch. 141, § 2, Gen. Stat. 1909, § 3656), the number to be determined "from the last returns of the assessors in each year." (Laws 1899, ch. 141, § 22, Gen. Stat. 1909, § 3679.) The assessors' returns for 1908 showed a population of 28,233, and the commissioners acted upon these figures. The plaintiff, however, maintains that the statute authorizes an enumeration to be made only once in ten years, counting from 1875; and that, therefore, the census of 1908 was void, and the salary should be de-

termined by that of 1905, which showed a population of 30,931. The decision turns upon the soundness of this contention.

In 1873 the legislature passed an act (Laws 1873, ch. 75) reading:

"SECTION 1. That the several township and city assessors, in addition to their duties as heretofore prescribed, shall annually, on or before the 10th day of June, make an enumeration of the persons residing in their respective townships and cities, and make return thereof to the county clerk, with their returns of the valuation of property.

"SEC. 2. That . . . county clerks . . . are hereby required to make return annually to the auditor of state of the aggregate number of persons residing in their respective counties, as ascertained and returned to them in compliance with the requirements of the preceding section of this act."

At that time a law was in effect requiring certain agricultural and industrial statistics to be gathered and reported to the state board of agriculture. (Gen. Stat. 1868, ch. 25, §§ 80-83, amended by Laws 1869, ch. 30, § 1, and later amended by Laws 1873, ch. 137; see Gen. Stat. 1909, § 679, *et seq.*) An amendment to this law in 1875 required these statistics to include schedules showing "the name, age, sex and color of each person; place of birth, and where from to Kansas; number of families, and number of persons in each family." (Laws 1875, ch. 67, § 3, Gen. Stat. 1909, § 680.) Section 7 of the amendatory act provided that the enumeration of inhabitants and other statistics should be taken in 1875 and every tenth year thereafter, "unless otherwise provided by law." This section was amended in 1877 (Laws 1877, ch. 182, § 1, Gen. Stat. 1909, § 684), by providing that certain statistical information should be gathered annually, but that the enumeration of inhabitants should be made every tenth year, the words "unless otherwise provided by law" being omitted.

The plaintiff argues that the acts of 1875 and 1877 covered the entire subject matter of that of 1873, and,

therefore, repealed it by implication. We think the argument unsound. The earlier statute provided for a mere count of the inhabitants to be made each year; the later one provided that once in ten years a variety of information should be collected, including the age, sex, color and nativity of each inhabitant. The purposes of the two statutes were not the same. Neither could be an adequate substitute for the other. Moreover, when the act of 1873 was passed there was already in force a law for the taking of the census every ten years. (Laws 1865, ch. 20, Gen. Stat. 1868, ch. 17.) That law was repealed by the act of 1875 already referred to, which took its place. The legislature obviously intended in 1873 that the provisions for the annual enumeration and for the decennial census should exist side by side, and nothing in the subsequent legislation indicates a change in that purpose. As already shown, the present statute refers to the returns regarding population made by the assessors "in each year." (Laws 1899, ch. 141, § 22, Gen. Stat. 1909, § 3679.)

The contention of the plaintiff takes some color of plausibility from the fact that the act of 1873 does not appear in the general statutes as now published. The act appeared under the title "Census," in connection with that of 1875, in the compilations of 1879 (§§ 597, 598), 1885 (§§ 621, 622), and 1889 (§§ 531, 532). In the Webb statutes of 1897 the second section was omitted, but the first was printed twice. (Gen. Stat. 1897, ch. 22, § 12, ch. 157, § 9.) Since then both sections have been omitted from the compilations, but of course such omission can not render them obsolete, and since they have not been repealed, either expressly or by implication, they are still in force.

The judgment is affirmed.