HICKS *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

1. CRIMINAL LAW—RIGHT TO SPEEDY TRIAL—REASONABLE TIME—CONSTITUTIONAL LAW.

   A speedy trial, within the meaning of the Constitution (article 2, § 19), to which an accused is entitled, means a trial within a reasonable time, and what is a reasonable time in one case may not be so in another, depending upon the gravity of the offense, the number of witnesses involved, the terms of court, and many other circumstances, and therefore much is left to the discretion of the trial court.

2. SAME — INDEFINITE POSTPONEMENT — ABUSE OF DISCRETION — MANDAMUS.

   An order, entered on the prosecutor's motion, for an indefinite postponement of accused's trial, after it had already been postponed nearly 18 months, on the charge of committing perjury in giving testimony before the probate court in the probate of a will, for the reason that the will case has not yet been tried in the circuit court where it is pending, is an abuse of the court's discretion and an infringement of accused's constitutional right to a speedy trial, and, therefore, mandamus will issue, if necessary, ordering trial within 30 days from date of filing opinion.

Mandamus by John W. L. Hicks to compel John A. Boyne, judge of the recorder's court of Detroit, and others to proceed with the trial of a criminal case. Submitted October 26, 1926.    (Calendar No. 32,846.) Writ granted December 8, 1926.

*John W. L. Hicks* (*Charles C. Stewart,* of counsel), *in pro. per.*

*Robert M. Toms,* Prosecuting Attorney, and *Van H. Ring,* Assistant Prosecuting Attorney, for defendants.

Criminal Law, 16 C. J. § 794, 794 (Anno); Mandamus, 38 C. J. § 169 (Anno); 8 R. C. L. 70; 2 R. C. L. Supp. 534; 5 R. C. L. Supp. 442.

BIRD, C. J.    On the 28th day of May, 1925, plaintiff was complained of and arrested in Wayne county for the crime of perjury in connection with his testimony before the probate court in the matter of probating a will.    He was arraigned before the, examining recorder on June 15th.    He was given an examination on June 19th.    On August 25, 1925, he was held to the recorder's court for trial.    His trial was set for July 15, 1926.    Plaintiff was present with his witnesses, but the matter was adjourned on application of the prosecutor.    His trial was again set for September 16, 1926.    Plaintiff was again present with his witnesses.    On that date the matter was adjourned indefinitely upon the application of the prosecutor, and the reason assigned therefor was that the will case had not yet been tried in the circuit court where it was pending.    Despairing of getting a hearing in the recorder's court, he has appealed to this court for a writ of mandamus to direct the recorder's court to give him an immediate trial.

The Michigan Constitution provides:

"In every criminal proceeding the accused shall have the right to a speedy and public trial by an impartial jury."   *   *   *   Article 2, § 19.

In view of this constitutional provision it becomes necessary to inquire what a speedy trial means.    We apprehend it means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court.    16 C. J. p. 439.    A speedy trial does not mean that the defendant is entitled to have his trial commence immediately after being bound over to the trial court. What would be a reasonable time in one case would be perhaps unreasonable in another.    The question might be affected by the gravity of the offense, the number of witnesses involved, the terms of court, and many other circumstances.    Owing to this, much

must necessarily be left to the discretion of the trial court.   The trial court must exercise its best judgment upon such applications, keeping in mind, however, the defendant's constitutional rights.

Applying this rule to the present case we think the trial court exceeds his discretion in postponing the case indefinitely.   This is a criminal case.   The will case is a civil case.   A determination of either would not be conclusive of the other.   This was not an adequate reason for postponing the trial after it had already been postponed nearly 18 months.   *People v. Hayes*, 140 N. Y. 489 (35 N. E. 951, 23 L. R. A. 830, 37 Am. St. Rep. 572).   The offense charged against plaintiff is a serious one.   The pendency of such a charge against him, undoubtedly, affects his business as a lawyer.   He is entitled to a hearing thereon within a reasonable time.   If we are to protect him in his constitutional rights we must order action in his matter within 30 days from the date of filing this opinion.   A writ of mandamus will issue, if necessary.   No costs.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.