PEOPLE *v.* GESSINGER.

1. CRIMINAL LAW — CONVICTION OF LESSER ACQUITS OF GREATER OFFENSES.

A conviction of the lesser of several offenses charged in the information is an acquittal of the other offenses.

2. SAME—SECOND JEOPARDY—NEW TRIAL—QUASHING INFORMATION AS TO OFFENSES OF WHICH ACCUSED WAS ACQUITTED.

Where defendant, charged in the information with the offenses of burglary, grand larceny, and receiving stolen property, was convicted of the lesser offense of receiving stolen property, he was acquitted of the others, and on retrial the information as to them should have been quashed.

[1]Criminal Law, 16 C. J. § 451; [2]Id., 16 C. J. §§ 434, 463 (Anno).

3. SAME—APPEAL AND ERROR—REFUSAL TO QUASH INFORMATION
   AS TO GREATER OFFENSES PREJUDICIAL.
      Error of the trial court in refusing, on retrial, to quash
      the information as to the offenses of burglary and grand
      larceny, of which defendant had been previously acquitted
      by his conviction of the lesser offense of receiving stolen
      property, was prejudicial, in view of the well known
      tendency of jurors to compromise and the greater probabil-
      ity of acquittal where one offense is charged instead of
      three, although his conviction again was of the lesser
      offense.

4. SAME — WITNESSES—HUSBAND AND WIFE—DIVORCED WIFE IN-
   COMPETENT TO TESTIFY TO INCIDENTS OCCURRING DURING COVER-
   TURE.
      In a prosecution for receiving stolen property, defendant's
      divorced wife was incompetent to testify,· over his objec-
      tion, that he brought the stolen property to their home
      while they were living together as husband and wife (3
      Comp. Laws 1915, § 12555).

   SHARPE, C. J., dissenting in part.

Exceptions before judgment from Cass; Warner
(Glenn E.), J.   Submitted October 14, 1926.   (Docket
No. 116.)   Decided June 6, 1927.

Joseph H. Gessinger was convicted of receiving
stolen property.   Reversed.

*James H. Kinnane* and *U. S. Eby*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Asa
K. Hayden*, Prosecuting Attorney, for the people.

BIRD, J.   Defendant went to trial in Cass county
on an information charging him with burglary, grand
larceny, and receiving stolen property.   He was found
guilty of receiving stolen property knowing it to have
been stolen.   Defendant's counsel filed a motion for
a new trial and assigned various reasons therefor.
This motion was overruled, but the court, feeling that
he had committed an error in his charge, granted a

─────────────────────
³Criminal Law, 17 C. J. § 3621 (Anno); ⁴Witnesses, 40 Cyc. p.
2231.

new trial on that ground.   Defendant's counsel then moved to quash the information as to the charge of burglary and grand larceny, insisting at the time that when the defendant was convicted of the lesser offense he was thereby acquitted of the greater offenses.   The court refused to grant this motion, and defendant went to trial again on the same information for all three offenses, and was convicted the second time of receiving stolen property.

On exceptions before sentence, it is insisted that the trial court was in error in refusing to quash as to burglary and grand larceny.   This raises the question whether, where defendant has been convicted of the lesser of several offenses charged, it is an acquittal of the other offenses.

The rule applicable in this State is well stated in 16 C. J. p. 260:

"By the great weight of authority, an acquittal upon one of several counts in an indictment, without a finding on the others, is an entire discharge of defendant, and may be pleaded in bar of a subsequent trial on the other counts; and where accused has been found guilty on one of several counts, and the verdict is silent as to the others, and he obtains a new trial, he can be prosecuted only for the crime of which he was found guilty, and may plead a prior acquittal as to the other counts.   There are, however, cases to the contrary."

The text is supported by *Dealy* v. *United States*, 152 U. S. 539 (14 Sup. Ct. 680), which is directly in point.

In *People* v. *Knapp*, 26 Mich. 112, the defendant was informed against for murder and was convicted of manslaughter.   The court said:

"The verdict of the jury amounts in law to an acquittal of any more serious charge than manslaughter and, therefore, is a denial of the charge that her death was the result of any other felony."

The holding in *People* v. *Comstock*, 55 Mich. 405, and

in *Re Franklin*, 77 Mich. 615, is in accord with this rule.

In *People* v. *Farrell*, 146 Mich. 264, the question was before the court and all of the Justices agreed that this was the rule, but they seriously disagreed about other questions in the case.

The question was again considered in *People* v. *Peck*, 147 Mich. 84, where the defendant was charged with larceny and several other related offenses.   All of the Justices agreed that the rule stated was the law of this State, but a majority of the Justices refused to apply the rule because the motion to quash was not made until the case was practically over.   It was said by reason of this the trial court could look further than the face of the information and take into consideration the proofs that were introduced.   Whatever may be the rule elsewhere, we are persuaded that this rule has obtained whenever the matter has been before this court.

If the trial court was in error as to this question, was the defendant harmed by the ruling, inasmuch as he was convicted the second time for receiving stolen property?   I think it is evident to most practitioners of experience that it would be much easier to secure an acquittal if the defendant were only charged with the lesser offense than it would be were he charged with all three offenses.   The tendency of jurors is to compromise their differences.   Where there is only one charge they are obliged to meet the question squarely by yes or no, or disagree, but where the charges are three, the juror who thinks there should be no conviction, and the juror who thinks that a conviction should be had of the greater offense are quite liable to agree upon a conviction of the lesser offense.

An observation by Mr. Justice CLARK in *People* v. *Stahl*, 234 Mich. 572, is *apropos:*

"When twelve jurors agree on amount or degree

·generally there must be composition of views. Here the jurors to determine degree were required improperly to compose their views between the major charge of murder in its degrees and manslaughter. Defendant testified; if truly, he was innocent. The case was serious, sad. If the murder feature had been omitted from the instructions and the case submitted on the theory of manslaughter it cannot now be said with certainty that the jury would have reached the same result."

If this reasoning be sound, defendant was prejudiced in making his defense by being tried for three offenses instead of one.

The prosecutor called defendant's wife to the witness stand. She was sworn and testified, over defendant's objection, to the presence of the alleged stolen property while she was living with defendant as his wife. When she testified she was divorced. This was error. 3 Comp. Laws 1915, § 12555; *People* v. *Trine*, 164 Mich. 1; *People* v. *Osborne*, 205 Mich. 531; *People* v. *Werner*, 225 Mich. 18.

For the errors pointed out the judgment is reversed, and a new trial ordered.

SNOW, FELLOWS, WIEST, and MCDONALD, JJ., concurred with BIRD, J. STEERE and CLARK, JJ., concurred in the result.

SHARPE, C. J. (*concurring*). I concur in the conclusion reached by Mr. Justice BIRD. In my opinion the charge of receiving stolen property was not that of a lesser offense. The statute (3 Comp. Laws 1915, § 15758) provides that such a count may be added when larceny is charged. The verdict must, however, point out the crime of which the defendant is found guilty. *People* v. *Shaw*, 57 Mich. 403 (58 Am. Rep. 372). The statute does not contemplate that the same person can be both thief and receiver. *In re Franklin*, 77 Mich. 615. The defendant was charged with distinct offenses in separate counts. A conviction on

one worked an acquittal on the others. The rule announced in *People* v. *Peck,* 147 Mich. 84, where all of the counts charged the same offense, and which were varied merely to meet the proof, does not apply.

I concur in holding that the wife was not a competent witness. The statute (3 Comp. Laws 1915, § 12555) provides that neither the husband nor wife shall be examined as a witness against the other without consent except in certain specified cases,—

"nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage, but in any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

The right of a divorced person to testify in certain cases was considered at length in *Patterson* v. *Hill,* 212 Mich. 635. The divorced wife in this case was permitted to testify that she and her husband visited the home of one Hardy on the night in question; that she and Mrs. Hardy went to a show, and on their return she saw some of the articles alleged to have been stolen in the house which were not there when they left, and that she later saw some of these articles in the back of their car when they left for home.

The applicable rule is thus stated in 9 R. C. L. p. 490:

"The incapacity of either spouse to testify against the other during the existence of the marriage relation, while not removed by a limited divorce, is affected by an absolute decree to the extent of destroying the incapacity of either spouse to testify on account of interest. It is the general and well-established rule that a husband or wife is incompetent as a witness for or against the other to testify to any information obtained by either during the marriage, and by reason of the existence of that relation; and this rule prevails even after the marriage relation is dissolved by

a divorce, or the consent of the opposing party has been given. The prohibition as to such communications and facts rests on the ground of public policy, which endeavors to preserve the marriage relation as one of entire and perfect confidence. When however the conduct or transaction is in no sense traceable to the relation of husband and wife and the confidence it inspires, but in its nature is as likely to have occurred before the public as in private, there are authorities which hold that after the marriage is dissolved by a divorce, they are competent to testify against each other as to such matters. The communications to which neither husband nor wife can testify for or against the other during the marriage or after it has ceased should not be confined to mere statements by one to the other, but should embrace all knowledge upon the part of either obtained by reason of the marriage relation, and which, but for the confidence growing out of it, would not have been known. According to the view taken in many jurisdictions, especially in criminal cases, the competency of a divorced spouse to testify against the other as to facts and circumstances the knowledge of which he or she acquired during the marriage, though not involving confidential communications, is denied."

The rule as above stated meets with my approval, and is supported by abundant authority cited in the foot note. In the cases cited by Mr. Justice BIRD, the marriage relation still existed.