## PEOPLE *v.* FOSTER.

1. CRIMINAL LAW—RIGHT TO SPEEDY TRIAL—CONSTITUTIONAL LAW.
   On proper demand of defendants in criminal prosecution for speedy trial, it should be ordered (Constitution, art. 2, § 19).

2. SAME—PROPER METHOD OF DEMANDING SPEEDY TRIAL.
   Proper method of demanding speedy trial in criminal prosecution is by motion filed in cause or made in open court; demands made on circuit judge at chambers and on prosecuting officers not being sufficient (Constitution, art. 2, § 19).

On demand for speedy trial as a condition precedent to a discharge, see annotation in 56 L. R. A. 538; 44 L. R. A. (N. S.) 871.
On discretion as to right to severance where two or more persons are jointly accused, see annotation in 70 A. L. R. 1172.

3. Same—Defendants on Bail—Failure to Demand Trial.
> Where defendants in criminal prosecution are on bail and do not appear in court demanding trial, they waive constitutional right to speedy trial.

4. Same—Demand for Speedy Trial Necessary—Constitutional Law—Motion to Dismiss.
> Where defendants charged with criminal syndicalism were on bail, demand for trial was necessary to set in operation constitutional guaranty of speedy trial, and in absence of proper demand, defendants' motion to dismiss charge was properly denied (Constitution, art. 2, § 19; 3 Comp. Laws 1929, §§ 17252, 17294, 17295).

5. Statutes—Construction—Generally Statute is Given Prospective Effect Only—Intent.
> General rule of construction is that statute shall be deemed to have only prospective effect unless contrary intention is clear, and said rule applies to steps already taken in pending litigation, and to general rights under suit.

6. Criminal Law—Right to Separate Trial Subject to Abrogation by Legislature—Statutes.
> Although right to separate trial, given by 3 Comp. Laws 1915, § 15829, was valuable to accused, it was statutory procedural right which legislature could and did abrogate by enacting 3 Comp. Laws 1929, § 17298.

7. Same—Right to Separate Trial Discretionary With Court—Setting Aside Order Granting Separate Trial.
> After enactment of 3 Comp. Laws 1929, § 17298, repealing 3 Comp. Laws 1915, § 15829, and making it discretionary with trial court to grant separate trials in criminal prosecution, court had power to set aside former order granting separate trial in pending case; and such construction is giving said statute prospective effect, since trial was in future.

Appeal from Berrien; White (Charles E.), J. Submitted October 4, 1932. (Calendar No. 35,789.) Decided January 3, 1933.

William Z. Foster and 18 others were charged with criminal syndicalism. From orders denying

motion to quash and granting motion to set aside order granting separate trials, defendants appeal. Affirmed.

*Maurice Sugar* and *Humphrey S. Gray,* for appellants.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson* and *William A. Richards,* Assistants Attorney General, for the people.

FEAD, J. Defendants review denial of their motions to dismiss the prosecution for failure to accord them a speedy trial, in violation of the Constitution, Art. 2, § 19:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury."

Defendants were charged with criminal syndicalism in one information, but demanded separate trials. The last arraignment was on December 5, 1922. William Z. Foster was tried and the jury disagreed in April, 1923. Charles E. Ruthenberg, a codefendant, was tried in May, 1923, and found guilty. The conviction was affirmed by this court in December, 1924 (229 Mich. 315). Ruthenberg had writ of error from the Supreme Court of the United States, died in March, 1927, before decision, and the writ was dismissed. No other trials have been had. Defendants have been at liberty on bail. The instant motion was filed March 21, 1931.

Defendants made showing that they have always been ready for trial, have never consented to continuance or delay and no order of continuance appears of record; and further, that from October,

1929, to January, 1931, they many times made demand on the prosecuting attorney and attorney general for prompt trial or dismissal. The people made no countershowing in denial nor of excuse or reason for the delay.

Defendants also averred that after June, 1929, they had several conferences with the trial judge, many times requested prompt trial or discharge, and he referred them to the attorney general as having charge of the case. On the hearing of the motion to dismiss, the trial judge stated that the conferences dealt principally with bail money and settlement by pleas of guilty, and that no definite and unequivocal demand for trial was made until January, 1931. On denying the motion, the court set the case for trial. No formal demand for trial was filed or made in open court.

Because there was no showing of good cause for the delay, no argument is necessary to support the conclusion that the constitutional time has been exceeded. Upon proper demand of defendants, speedy trial would have been ordered. *Hicks* v. *Judge of Recorder's Court*, 236 Mich. 689. The demands, whatever their character, made on the circuit judge at chambers and on the prosecuting officers, were not sufficient. Trial is in charge of the court. The rights of defendants are for determination and protection of the court. The demand must be made to the court. Consequently, the proper method is by motion filed in the cause or made in open court. This leaves as the determinative question whether demand for trial by defendants was a prerequisite of their motion to dismiss. It is a new question in this State.

There are too many decisions of other courts involving similar or equivalent constitutional pro-

visions to permit their detailed discussion or cita-
tion.   Only a few illustrative cases will be noted.

All the cases in State courts which we have found
involve the construction of statutes providing time
limit upon delay of trial.   The statutes are held to
be supplementary to the constitutional provision for
speedy trial and enacted to give it concrete form and
force.   The time prescribed in the statute is con-
sidered a legislative declaration of the limit of delay
permitted by the Constitution except upon condi-
tions of further delay named in the statute.   *Ford* v.
*Superior Court,* 17 Cal. App. 1 (118 Pac. 96);
*Francis* v. *State,* 26 Okla. Crim. 82 (221 Pac. 785);
*Ex parte Chalfant,* 81 W. Va. 93 (93 S. E. 1032).
The time limit generally prescribed is from 60 days
to three terms of court after indictment.

Most of the cases rest wholly on the language of
the statutes.   On the one hand, it is held that the
laws are mandatory, are virtual statutes of limita-
tions and impose on the officers of the State the
affirmative duty to bring the accused to trial within
the prescribed time.   *In re Trull,* 133 Kan. 165 (298
Pac. 775); *State* v. *Wear,* 145 Mo. 162 (46 S. W.
1099); *In re Begerow,* 133 Cal. 349 (65 Pac. 828, 56
L. R. A. 513, 85 Am. St. Rep. 178); *State* v. *Rosen-
berg,* 71 Ore. 389 (142 Pac. 624); *Ex parte Chalfant,
supra.*   On the other, the ruling is that statutes offer
the accused a right which he must demand before
he can claim it has been violated.   *People, ex rel.
Ianik,* v. *Daly,* 30 N. Y. Cr. Rep. 47 (142 N. Y. Supp.
297); *People* v. *Klinger,* 319 Ill. 275 (149 N. E. 799,
42 A. L. R. 581); *State* v. *Slorah,* 118 Me. 203 (106
Atl. 768, 4 A. L. R. 1256); *Francis* v. *State, supra;
State* v. *Dinger,* 51 N. D. 98 (199 N. W. 196); *State*
v. *Lamphere,* 20 S. D. 98 (104 N. W. 1038).

The great weight of authority is that the accused must demand trial before he can claim discharge. 85 Am. St. Rep. 188, note; 56 L. R. A. 538, note; 44 L. R. A. (N. S.) 871, note; 16 C. J. p. 443; 8 R. C. L. p. 74.

In the reasoning the constitutional provision has been called "self-executing," and it is said claim need not be made under the statute. *In re Alpine,* 203 Cal. 731 (265 Pac. 947, 58 A. L. R. 1500). It has also been said that the Constitution establishes a personal right which may be waived, and that waiver occurs as well from the inaction of failing to demand a speedy trial as from the action of consent to delay. *Butts* v. *Commonwealth,* 145 Va. 800 (133 S. E. 764).

The only cases not involving supplementary statutes seem to be those dealing with the Federal Constitution. They hold delay no violation except after demand for trial. *Phillips* v. *United States,* 120 C. C. A. 149 (201 Fed. 259); *Frankel* v. *Woodrough* (C. C. A.), 7 Fed. (2d) 796; *Worthington* v. *United States* (C. C. A.), 1 Fed. (2d) 154.

There are many constitutional rights which may be waived as well by failure to demand them as by affirmative action. In the absence of statute, the time limit of a speedy trial may depend upon a multitude of circumstances. One of the circumstances is that an accused is on bail or in jail. Where defendants are on bail and do not appear in court demanding trial, they have little reason to complain of delay. *Meadowcroft* v. *People,* 163 Ill. 56 (45 N. E. 991, 35 L. R. A. 176, 54 Am. St. Rep. 447). They are not under the oppression of the government which the provision was designed to prevent. In the absence of statute declaring a different policy, reason supports the conclusion that an accused on bail waives his constitutional right to a speedy trial

by not demanding it. It is in accord with general experience that, although no formal consent be given, the delay is agreeable to both the State and the accused.

Defendants cite 3 Comp. Laws 1929, §§ 17294, 17295, introduced by the code of criminal procedure of 1927, over three years before the motion to dismiss. Section 17294 reads:

"The people of this State and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial."

Section 17295 provides that the trial of criminal cases shall have precedence over all other cases, and that no continuance nor delay shall be granted by the court except for good cause shown in the manner provided for continuance of civil actions; that the cause shall not be continued by consent of people and accused unless the court, in its discretion, shall so determine upon a showing, to be entered upon its records, that the consent was founded upon necessity and the trial could not be then had without a manifest injustice being done. No penalty is provided for violation of this section.

Defendants argue that these sections set up a legislative policy of imposing upon the officers of the State the affirmative duty of speedy action to bring the accused to trial, and, because his consent to delay is of no force, failure to demand trial cannot be held a waiver of the constitutional right.

The provisions were designed to eliminate delays in criminal cases and to impose upon the officers,

especially the courts, the affirmative duty to speed them. If they stood alone, they would have force upon the question before us. But it is to be noted that they are general declarations of legislative policy for which no specific penalty has been provided. They do not override another section of the code. Section 17252 provides:

"Every person held in prison upon an indictment shall, if he require it, be tried at the next term of court after the expiration of six months from the time when he was imprisoned, or shall be bailed upon his own recognizance, unless it shall appear to the satisfaction of the court that the witnesses on behalf of the people have been enticed or kept away, or are detained and prevented from attending court by sickness, or some inevitable accident."

This statute is specific as to procedure. While it does not attempt to fully demark or define the constitutional right to speedy trial, it was enacted in pursuance of it and indicates the legislative policy that demand is necessary to claim the right. When such demand is required of an accused in prison, there is no justification for holding that it is not required of an accused on bail. Although it does not completely cover the case before us, we think the statute has more specific application than the other sections relied upon as indicating the legislative policy upon the procedure to secure a speedy trial, and that demand for trial is necessary to set in operation the constitutional guaranty.

Denial of the motion to dismiss is affirmed.

January 2, 1923, an order was entered granting separate trials to defendants, under 3 Comp. Laws 1915, § 15829:

"When two or more defendants shall be jointly indicted for any felony, any one defendant requiring

it shall be tried separately; and in other cases, defendants jointly indicted, shall be tried separately or jointly, in the discretion of the court.''

In 1927 the statute was repealed, and the following substituted, 3 Comp. Laws 1929, § 17298:

''When two or more defendants shall be jointly indicted for any criminal offense, they shall be tried separately or jointly, in the discretion of the court.''

March 26, 1931, on motion of the State, the court set aside the order granting separate trials.

It is the general rule of construction that the statute shall be deemed to have only prospective effect unless a contrary intention is clear. The rule applies to steps already taken in pending litigation (*Bedier* v. *Fuller,* 116 Mich. 126), and to general rights under a suit (*Davis* v. *Railroad Co.,* 147 Mich. 479). The right to separate trial, given by the former statute, was valuable to an accused. *People* v. *Dimitru,* 224 Mich. 670. But it was a statutory procedural right which the legislature could abrogate. When the code was adopted, cases were pending in all counties. It is giving the statute prospective effect to hold that the code applied to proceedings thereafter to be had in pending cases. The trial was in the future. The statute at bar concerns the trial. We think it applicable, and the order is affirmed.

McDONALD, C. J., and CLARK, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. POTTER, J., did not sit.