PEOPLE *v.* POWERS.

1. CRIMINAL LAW—JUSTICES OF THE PEACE—LARCENY—RECEIVING STOLEN GOODS.

Since larceny and receiving stolen goods are separate and distinct offenses, sentence imposed by justice of the peace upon defendant, charged with both offenses, upon return of general verdict of guilty, was void.

2. SAME—APPEAL TO CIRCUIT COURT—TRIAL DE NOVO.

By appealing from void judgment of conviction of justice of the peace, defendant conferred jurisdiction upon the circuit court to try the case anew and render judgment.

3. SAME—CONVICTION OF ONE OFFENSE OPERATES AS ACQUITTAL OF OTHER OFFENSES.

Where defendant is charged with distinct offenses in separate counts, a conviction on one count works an acquittal of the others.

4. SAME—DOUBLE JEOPARDY.

The law of jeopardy is the same under either the State or Federal Constitutions notwithstanding some difference in the language with respect to it (Const. 1908, art. 2, § 14; U. S. Const., Am. 5).

5. SAME—DEFINITION OF JEOPARDY.

A person is in jeopardy when he is put upon trial in a court of justice charged with a violation of law.

6. SAME—PLEA OF DOUBLE JEOPARDY—WAIVER.

Defendant who was first charged with larceny and receiving stolen property and convicted of larceny was thereby acquitted of the other charge but where, upon second trial, he failed to raise the question of double jeopardy by either plea or motion or by calling the court's attention thereto in any way before conviction of receiving stolen property, such plea was waived and question may not be raised by motion to quash such count (Const. 1908, art. 2, § 14; U. S. Const., Am. 5).

7. SAME—COURTS—FORMER TRIAL.

> A court, engaged in the trial of many cases, is not chargeable with recalling that a particular case had been tried at a former term and a particular form of verdict had then been rendered.

8. RECEIVING STOLEN GOODS—QUESTION FOR JURY.

> In prosecution for receiving stolen property, evidence *held*, to present question for jury, under the circumstances, as to whether taking by a third person and after possession by defendant was under a *bona fide* claim of right to do so or with a felonious intent.

9. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS.

> On appeal in criminal cases, Supreme Court will assume trial court properly instructed the jury where the charge does not appear in the record.

10. SAME—WEIGHT OF EVIDENCE—MOTION FOR NEW TRIAL.

> Question as to the weight of the evidence is not before the Supreme Court on appeal where no motion for a new trial was made.

Appeal from Eaton; McPeek (Russell R.), J. Submitted April 11, 1935. (Docket No. 108, Calendar No. 38,123.) Decided June 19, 1935.

Clare Powers was convicted of receiving stolen property. Affirmed.

*George W. Watson,* for appellant.

*Harry S. Toy,* Attorney General, and *Homer L. Bauer,* Prosecuting Attorney, for the people.

NELSON SHARPE, J. On complaint made before a justice of the peace of the city of Charlotte, the defendant was charged in the first count with receiving stolen property, to-wit: a pony of the value of less than $50, and in the second count with the larceny of the pony. On trial before a jury on February 15, 1934, a general verdict of guilty was rendered, and he was sentenced thereon. An appeal was taken

therefrom to the circuit court, after which the defendant filed a motion therein, asking that the records and files be remanded to the justice with instructions to dismiss the cause and discharge the defendant, for the reason that the verdict rendered was void, conviction having been had on both counts. This motion was denied.

A trial was thereupon had in the circuit court and the defendant convicted by the jury of larceny. A motion for a new trial was granted, and on a retrial the jury, on June 29, 1934, convicted the defendant of receiving stolen property.

On July 6, 1934, the defendant moved to quash the count charging him with receiving stolen property for the reason that his conviction of larceny was an acquittal of that charge, and that he could not be afterwards tried and convicted of that offense. This motion was denied and defendant sentenced. Application for leave to appeal to this court was granted and defendant admitted to bail pending the hearing thereof.

1. It is claimed that the verdict of the jury in justice's court was void and that the court erred in denying the motion for remand to that court with instructions to discharge the defendant. This motion was made after a general appeal had been taken.

The justice of the peace acquired jurisdiction over the offenses set forth in the complaint by force of the statutes relating thereto, and of the person of the defendant by reason of his arrest. Larceny and receiving stolen property are separate and distinct offenses. The justice should not have accepted the general verdict of guilty rendered by the jury. The sentence imposed thereon was void and unenforceable. The defendant, however, had a right to appeal therefrom to relieve himself from the ignominy incident to the verdict and, when he did so, he conferred

jurisdiction upon the circuit court to try the case anew and render judgment thereon as provided for in the statute. See *People* v. *Underwood*, 209 Mich. 348, and quotation therein from Tiffany's Criminal Law; *State* v. *Olsen*, 180 Iowa, 97 (162 N. W. 781); 16 C. J. p. 370.

2. Under the decisions of this court, where a defendant is charged with distinct offenses in separate counts, a conviction on one of the counts works an acquittal on the others. *People* v. *Gessinger*, 238 Mich. 625. The conviction of the defendant on the first trial in the circuit court of larceny must be treated as an acquittal of the charge of receiving stolen property. The trial court so found, but was of the opinion that by his failure to raise the question either by plea or motion, or by calling the court's attention to it in any way before conviction, he had waived his right to claim the benefit of it.

The record contains the proceedings had upon the second trial. Testimony tending to prove the defendant guilty of receiving the pony, knowing it to have been stolen, was admitted without objection. No requests to charge were submitted by defendant's counsel. While the record does not contain the instructions of the court to the jury, it can but be assumed that both counts were submitted to them with direction to state the count on which he was convicted if the jury found him guilty.

Our Constitution provides (Art. 2, § 14):

"No person, after acquittal upon the merits, shall be tried for the same offense."

The Federal Constitution provides (Am. 5):

"Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

In *Re Ascher,* 130 Mich. 540, 545 (57 L. R. A. 806), after quoting the provision in our State Constitution, it was said:

"While this language differs from that used in the United States Constitution, the law of jeopardy is doubtless the same under both provisions."

A person is in jeopardy when he is put upon trial in a court of justice charged with a violation of law.

The language in the Constitutions of most of the States is similar to that in the Federal Constitution. In Massachusetts, the protection is provided for in its General Laws. The provision is similar in effect to that in our State Constitution.

In an annotation in L. R. A. 1917A, 1233, the "manner and time of raising defense of former jeopardy" is dealt with at some length.

"The general rule is that the issue of former conviction, acquittal, or other jeopardy must be raised by special plea."

Cases from a number of State courts are cited in support thereof.

As to the time when the issue must be raised, the annotator says: "As a general rule, the issue of former acquittal, conviction, or other jeopardy *should* be raised before going to trial on the general issue, assuming that it cannot be tried under the general issue, and practically all courts hold that it *must* be raised at that stage of the trial, unless there are circumstances that make it inappropriate at that time and appropriate at another time," and cites a number of cases so holding. In several of them it was held that the question cannot be raised for the first time on a motion for arrest of judgment or on a motion for a new trial.

Applying these rules to the facts here presented, we cannot but hold that there was no error in the denial of defendant's motion.

As to the manner in which the question must be raised, counsel for the defendant relies on our decision in *People* v. *Taylor,* 117 Mich. 583, wherein it was said (585):

"All that has occurred is before the court, upon its own record in the case, and therefore need not be pleaded, nor is formal proof of the record required."

In the same paragraph in which this quotation appears the court said:

"While the record returned contains no plea, a reference to it appears."

During the second trial, in which testimony was submitted tending to prove defendant's guilt of the charge of receiving stolen property, his counsel not only did not call the court's attention to his acquittal of this charge by the verdict first rendered, but cross-examined witnesses relative thereto. The verdict rendered on the former trial was not alluded to in any way, and it goes far to say that a court engaged in the trial of many cases is chargeable with recalling that the case had been tried at a former term and a particular form of verdict had then been rendered.

In disposing of a similar question, the supreme court of Kansas, in *State* v. *White,* 71 Kan. 356 (80 Pac. 589, 6 Ann. Cas. 132), said:

"When about to be placed in jeopardy before a second jury the accused may, if he so desire, take the chances of a favorable verdict. Should he choose so to do no one can gainsay him; but it is his duty to make his election then. If it be his purpose to rely

upon his right to bar further proceedings he should then so declare. He cannot hazard a trial and when defeated revert to a matter which would have prevented a trial. Failing to interpose an objection to entering upon a second trial, he must be held to have waived the right to do so and must abide the result that he invited.''

3. In his reasons and grounds for appeal counsel states that the court erred in denying his motion for a directed verdict of not guilty at the close of the people's testimony. The record does not disclose that any such motion was made, but as it is alluded to in the bill of exceptions we give it consideration.

It appears from the testimony that Iola Trumble Hardy was the owner of the pony in question, and that it was being boarded for her by Paul F. Horn; that on the night of September 20, 1933, it was in his barn and the doors closed and was missing the next morning. The owner did not take it out, neither did she nor Mr. Horn give any one permission to do so. It was wrongfully removed and under circumstances from which a felonious intent could be inferred.

Leonard Stephens, called as a witness by the people, admitted that he had taken the pony from the barn, but said that he did so at the request of the defendant. To rebut the presumption of felonious intent, he produced a writing, dated May 15, 1933, signed by the Personal Finance Company, which had a mortgage on the pony, turning it over to him, and another writing, dated July 31, 1933, signed by the same company, authorizing him to take possession of it, and testified that he was acting under the latter when he entered the barn and took the pony. It appears beyond dispute that the owner of the pony had paid the balance due on the mortgage on September 19, 1933, the day before

the night on which it was taken. No ownership or other interest of Stephens or of the defendant in the pony was shown. It was for the jury to say whether, under the circumstances, the taking by Stephens and after possession by the defendant was under a *bona fide* claim of right to do so, or whether it was taken and held with felonious intent.

The charge of the court does not appear in the record. It will be assumed that he properly instructed the jury on the questions presented. No motion for a new trial was made, so the question of the weight of the evidence is not before us, and we cannot say that there was a total lack of proof to support the charge on which the defendant was convicted.

As two separate and distinct offenses were charged in the complaint, the rule announced in *People* v. *Gessinger, supra,* that a conviction of the lesser of several offenses, when so charged, is an acquittal of the others, is not before us for reconsideration.

The judgment is affirmed.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.