PEOPLE *v.* DUNCAN.

1. CONSTITUTIONAL LAW—SPEEDY TRIAL—CRIMINAL LAW—DEMAND.
   Notwithstanding constitutional and statutory rights of an accused to prompt disposition of a criminal accusation are not subject to dilution by judges or prosecutors, a formal, record entered, demand for trial of one accused of crime is required to invoke the constitutional guaranty of a speedy trial (Const 1908, art 2, § 19; Const 1963, art 1, § 20; CL 1948, §§ 755.1, 766.4, 766.7, 767.38, 768.1, 768.2).

2. SAME—DEMAND FOR TRIAL—WAIVER.
   Failure of defendant for 35 months to demand trial on indictment effected a waiver of his constitutional right to speedy trial (Const 1908, art 2, § 19; Const 1963, art 1, § 20; CL 1948, §§ 755.1, 766.4, 766.7, 767.38, 768.1, 768.2).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 7]  14 Am Jur, Criminal Law § 134 *et seq.*
[2]  14 Am Jur, Criminal Law § 138.
[3, 4]  15 Am Jur, Criminal Law § 406.
[5, 6]  53 Am Jur, Trial §§ 980, 1000.
[6]  12 Am Jur 2d, Bribery §§ 27, 28.

3. CRIMINAL LAW—DISAGREEMENT OF JURY—ACQUITTAL—BRIBERY—EXTORTION.

Action of jury in acquitting defendant of charges of conspiracy to extort and extortion and in disagreeing on charges that defendant had committed the crimes of conspiracy to bribe and bribery did not constitute an acquittal on the latter charges, since some of the facts essential to proof of conspiracy to extort and extortion were not necessary elements in, and did not constitute part of, the offenses of conspiracy to bribe and bribery (CL 1948, §§ 750.118, 750.213).

4. SAME—FORMER JEOPARDY—DISAGREEMENT OF JURY—DISCHARGE OF JURY.

The doctrine of former jeopardy does not preclude retrial of a charge of crime after discharge of a jury, without the defendant's consent, for inability to agree (Const 1908, art 2, § 14; Const 1963, art 1, § 15).

5. SAME—DISCHARGE OF JURY AFTER DISAGREEMENT—ACQUITTAL.

Discharge, without defendant's consent, of jury which had been impanelled to try defendant on charges of conspiracy to bribe, bribery, conspiracy to extort, and extortion, and which had deliberated for 2 hours on Friday afternoon, from 10 a.m. Monday to 9:20 p.m., and from 10 a.m. Tuesday until 3:55 p.m., disagreed as to first 2 charges and acquitted defendant as to other 2 charges *held,* proper, where there is no indication defendant objected to the discharge or requested judge to make further inquiry to determine whether there was any probability of agreement with reference to the first 2 charges nor is a retrial barred by such disagreement and acquittal on the respective charges (CL 1948, §§ 618.53, 750.118, 750.213).

6. BRIBERY—EVIDENCE.

Claim that defendant who had been charged with conspiracy to bribe, bribery, conspiracy to extort, and extortion should be discharged after jury had disagreed on first 2 counts and acquitted him on latter 2 counts because the people's principal witness had denied, in the first trial, bribing defendant and therefore the people could not prove the first 2 charges against defendant *held,* without appellate merit.

7. CRIMINAL LAW—NEW TRIAL—DELAY.

New trial on charges of conspiracy to bribe and bribery is ordered to be held promptly upon remand or the charges dismissed, where jury had disagreed on such charges and acquitted defendant of charges of conspiracy to extort and extortion in November, 1957, and order of retrial had been

entered in January, 1958, since the charges against defendant, then a mayor of a city, involve his performance of a public trust.

Appeal from Wayne; Bowles (George E.), J. Submitted June 4, 1964. (Calendar No. 25, Docket No. 49,653.) Decided October 6, 1964.

M. Warren Duncan was charged with conspiracy, bribery, and extortion. The jury acquitted as to extortion counts and disagreed as to counts involving bribery. Defendant's motion for acquittal on all counts and, in the alternative, dismissal denied. Defendant appeals. Affirmed and case remanded for speedy retrial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Robert Weinbaum*, Assistant Attorney General, for the people.

*Kenneth J. Logan*, for defendant.

Souris, J. Defendant, while mayor of the city of River Rouge, was indicted in March of 1957 by Judge Bohn of the third judicial circuit sitting as a grand jury[1] charging him with (1) conspiracy to bribe, (2) bribery, (3) conspiracy to extort, and (4) extortion. Trial commenced before a jury, Judge Bowles presiding, on October 22d and was concluded on November 26, 1957, with a verdict of acquittal as to the third and fourth counts of conspiracy to extort and extortion and jury disagreement as to the first and second counts of conspiracy to bribe and bribery. On January 2, 1958, defendant moved the trial court for an order of dismissal as to the first and second counts on the following alternative grounds: (1) that acquittal

---

[1] CLS 1961, § 767.3 (Stat Ann 1954 Rev § 28.943).

on the third and fourth counts constituted acquittal (*autrefois acquit*) on the first and second counts because the facts necessary to prove conspiracy to bribe and bribery, it was claimed, are identical with those needed to prove conspiracy to extort and extortion; (2) that former jeopardy as to the first 2 counts attached upon discharge of the jury, without defendant's consent, after the jury reported to the court that it had been unable to reach a verdict on those counts; and (3) that the testimony of the people's chief witness on the first trial was "in conflict with and repugnant to a charge of bribery if a retrial is had." This motion was noticed for hearing on January 17, 1958. We are told, in the stipulation of facts, that the motion "was adjourned from January 17th to January 24, 1958, and thereafter indefinitely", but we are not told upon whose motion such adjournments were granted or whether they were based upon stipulations, nor does the record available to us disclose what occurred.

Nothing further was done of record in this case in 1958, in 1959, nor in 1960 until December, at which time defendant supplemented his earlier motion by demand for discharge on the ground that he had been denied a prompt and speedy retrial in derogation of his State constitutional right thereto (Constitution 1908, art 2, § 19). On December 22, 1960, defendant's motion, as supplemented, was heard and subsequently denied by order filed February 17, 1961. The order of denial set March 20, 1961, as the date for commencement of defendant's retrial on the first 2 counts, but defendant prior thereto filed in this Court an application for leave to appeal from the order of February 17, 1961. Upon our grant of leave, this appeal was taken.

## I.

This record discloses no excuse, nor does either party hereto so much as attempt to offer any, for the shockingly protracted delay in bringing on defendant's motion for decision and in retrying defendant for conspiracy to bribe and bribery. The people merely assert that they could not proceed with retrial until defendant's motion was decided, but no explanation is offered why the people made no move to bring that motion on for hearing and decision so that they could, if the motion were denied, proceed with the retrial. Indeed, there is not a word of explanation for the people's failure even to answer the motion except upon oral argument in court. Nor does the defendant, on the other hand, so much as suggest why he sat by idly from January of 1958 until December of 1960 without demanding either decision on his motion or prompt retrial.

Our Constitution of 1908, art 2, § 19, guaranteed defendant a speedy trial. Had he, at any time during the 35 months his unanswered motion gathered dust in the court's files, demanded disposition of his motion so that he could be discharged or promptly retried, he most assuredly would have been entitled to the trial court's order or ours. The cited constitutional provision[2] and the 6 statutory pro-

---

[2] Const 1908, art 2, § 19, read as follows:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 men in all courts not of record; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; and in courts of record, when the trial court shall so order, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal."

For currently applicable counterpart provision, see Const 1963, art 1, § 20.

visions set forth in the margin[3] leave no room for
dilution, by judges or prosecutors, of the right of
every accused to prompt disposition of criminal

3 "The State and accused shall be entitled to a prompt examination
and determination by the examining magistrate in all criminal causes
and it is hereby made the duty of all courts and public officers having
duties to perform in connection with such examination, to bring
them to a final determination without delay except as it may be
necessary to secure to the accused a fair and impartial examination."
CL 1948, § 766.1 (Stat Ann 1954 Rev § 28.919).

"The magistrate before whom any person is brought on a charge
of having committed an offense not cognizable by a justice of the
peace, shall set a day for examination not exceeding 10 days there-
after, at which time he shall examine the complainant and the wit-
nesses in support of the prosecution, on oath in the presence of the
prisoner, in regard to the offense charged and in regard to any other
matters connected with such charge which such magistrate may deem
pertinent." CL 1948, § 766.4 (Stat Ann 1954 Rev § 28.922).

"Any magistrate may adjourn an examination for an offense not
cognizable by him if the same be necessary, to the same or a different
place in the county as such magistrate shall deem necessary; and
in such case the accused may in the meantime be committed either
to the county jail or to the custody of the officer by whom
he was arrested or to any other officer; or, unless he shall
be charged with treason or murder, he may be recognized in a sum
and with sureties to the satisfaction of the magistrate, for his ap-
pearance before such magistrate for further examination: Provided,
That no adjournments, continuances or delays of such examination
shall be granted by such magistrate except for good cause shown:
And provided further, That no magistrate shall adjourn, continue
or delay the examination of any cause by the consent of the prose-
cution and accused unless in his discretion it shall clearly appear
by a sufficient showing to said magistrate to be entered upon the
record that the reasons for such consent are founded upon strict
necessity and that the examination of said cause cannot then be
had, or a manifest injustice will be done. No action on the part
of the magistrate in adjourning or continuing any case, shall cause
said magistrate to lose jurisdiction of said case." CL 1948, § 766.7
(Stat Ann 1954 Rev § 28.925).

"Every person held in prison upon an indictment shall, if he re-
quire it, be tried at the next term of court after the expiration of
6 months from the time when he was imprisoned, or shall be bailed
upon his own recognizance, unless it shall appear to the satisfaction
of the court that the witnesses on behalf of the people have been
enticed or kept away, or are detained and prevented from attending
court by sickness, or some inevitable accident." CL 1948, § 767.38
(Stat Ann 1954 Rev § 28.978).

"The people of this State and persons charged with crime are
entitled to and shall have a speedy trial and determination of all
prosecutions and it is hereby made the duty of all public officers
having duties to perform in any criminal case, to bring such case

accusations. In the face of these commands, we have no doubt that every judge in this State would respond—and quickly at that—to an accused's formal demand on the record for compliance with his constitutionally guaranteed right to a speedy trial.

We have had occasion before to address our attention to such demands. *Hicks* v. *Judge of Recorder's Court of Detroit,* 236 Mich 689; *People* v. *Foster,* 261 Mich 247; and *People* v. *Den Uyl,* 320 Mich 477. Only in *Foster* was relief denied and there only because, although defendants alleged frequent but informal demands upon the prosecuting attorney and the attorney general for prompt trial or dismissal, the record was barren of any motion therefor filed with the court. Since *Foster,* it has not been questioned in this State that formal, record entered, demand is required to invoke the constitutional guaranty. While we have been urged on this appeal to forsake this holding of *Foster* and to rule, instead, that the failure of the defendant to take affirmative action to prevent delay may not, without more, be considered a waiver of his right to speedy trial, we decline so to rule. Our statutes, cited above

---

to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial." CL 1948, § 768.1 (Stat Ann 1954 Rev § 28.1024).

"The trial of criminal cases shall take precedence over all other cases; but this provision shall not be interpreted to mean that trials of civil cases shall not be interspersed between trials of criminal cases triable before a jury at any term of court. No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record: Provided, That no court shall adjourn, continue or delay the trial of any criminal cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to said court to be entered upon the record, that the reasons for such consent are founded upon strict necessity and that the trial of said cause cannot be then had without a manifest injustice being done." CL 1948, § 768.2 (Stat Ann 1954 Rev § 28.1025).

in the margin, clearly implement and supplement the constitutional grant of right to speedy trial and provide ample means for enforcement of that right. No reason has been suggested to us, nor does any occur to us, for raising a Damoclean threat of dismissal over the heads of our people's prosecutors.

Neither *Hicks* v. *Judge of Recorder's Court of Detroit, supra,* nor *People* v. *Den Uyl, supra,* supports defendant's contentions. In both cases, the criminal defendants strenuously resisted delay at every step of the proceedings. In *Hicks,* Hicks was ready for trial on 2 occasions only to have trial adjourned upon the prosecutor's requests therefor, whereupon he applied promptly to this Court for a writ of mandamus to compel the recorder's court to proceed with trial of his criminal case. We ordered an immediate trial within 30 days. In *People* v. *Den Uyl,* preliminary examination of the defendants had been adjourned on 7 occasions over 18 months because of the unavailability or recalcitrance of a prosecution witness, each delay having been granted over the defendants' strenuous objections and over their continuing demands for prompt completion of their examination. This Court, while acknowledging (320 Mich at 491) that acquiescence in delay would present a significantly different situation, ordered resumption and completion of the preliminary examination within 60 days or dismissal of the charges against defendants. Thus, in both *Hicks* and *Den Uyl,* the defendants strenuously resisted the continuances and demanded prompt prosecution of the charges against them. Here, on the other hand, the record discloses no such resistance or demand. While waiver of a constitutional right may never lightly be inferred, this defendant's litigatory dormancy for 35 months speaks as loudly to us as would his written acquiescence to the people's inexplicable delay.

## II.

Defendant's claim that the people are barred from retrying him for conspiracy to bribe and bribery because the evidence required in proof of such offenses is the same as that required to prove the charges of conspiracy to extort and extortion, on which latter charges he has been acquitted, misconceives the authorities upon which he relies. In *People* v. *Cook,* 236 Mich 333, relied on by defendant, this Court held that a prior conviction for unlawful possession of liquor barred a subsequent charge of unlawful transportation of the same liquor for the reason that the first offense for which defendant was convicted was a necessary element in, and constituted part of, the second offense charged and both were in fact 1 transaction. In *People* v. *Gessinger,* 238 Mich 625, defendant was charged and tried for burglary, grand larceny, and receiving stolen property, but convicted only of the last charge. Upon the trial judge's grant of new trial, defendant filed a motion to quash the first 2 charges, which motion was denied. This Court reversed on appeal because, the offenses charged being separate and distinct offenses, a verdict of guilt of 1 offense without any finding or other jury comment on the other offenses charged constituted acquittal as to the other offenses. Finally, in *People* v. *Powers,* 272 Mich 303, the same principle was invoked as to a prior verdict of conviction of the offense of larceny, the jury apparently having made no finding as to the second offense charged and on which defendant was retried—that of receiving stolen property. The Court held that had defendant raised the issue promptly before retrial following the trial judge's vacation of the first conviction, he would have been entitled to have quashed the charge of receiving stolen property, the

first jury's silence on that count having constituted acquittal thereof.

Unlike *People* v. *Cook, supra,* some of the facts essential to proof of conspiracy to extort and extortion, on which charges defendant was acquitted, were not necessary elements in, and did not constitute part of, the offenses of conspiracy to bribe and bribery. See the statutory provisions set forth in the margin,[4] for violation of which defendant was charged. See, also, *People* v. *Ritholz,* 359 Mich 539, 552, 553.

Unlike *People* v. *Gessinger, supra,* and *People* v. *Powers, supra,* the jury did not remain silent with reference to the charges of conspiracy to bribe and bribery when it returned its verdict of acquittal of defendant on the charges of conspiracy to extort and extortion, as did the juries in *Gessinger* and *Powers* with reference to some of the charges there involved, but rather affirmatively announced to the court that it had been unable to agree on a verdict

─────────────

[4] "Any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the Constitution or laws of this State, and shall be guilty of a felony, punishable by imprisonment in the State prison not more than 10 years, or by fine of not more than 5,000 dollars." CL 1948, § 750.118 (Stat Ann 1962 Rev § 28.313).

"Any person who shall, either orally or by a written· or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the State prison not more than 20 years·or by a fine of not more than 10,000 dollars." CL 1948, § 750.213 (Stat Ann 1962 Rev § 28.410).

with reference thereto. Thus, in this case, it hardly can be said, as it was in *Gessinger* and *Powers,* that silence of the jury constituted acquittal on the charges of conspiracy to bribe and bribery.

## III.

Defendant contends on appeal that discharge of the jury under the circumstances disclosed by this record and without his affirmative consent thereto bars his retrial because he has previously been put in jeopardy of conviction of such charges. He invokes the Constitution of 1908, art 2, § 14,[5] *People* v. *Parker,* 145 Mich 488; *People* v. *Brosky,* 222 Mich 651; and *In re Earle,* 316 Mich 295; as well as *Green* v. *United States* (1957), 355 US 184 (78 S Ct 221, 2 L ed 2d 199, 61 ALR2d 1119); *Selvester* v. *United States* (1898), 170 US 262 (18 S Ct 580, 42 L ed 1029), and several other cases from other State jurisdictions. In none of the cases cited is it even suggested that discharge of a jury, without the defendant's consent, for its inability to agree upon a verdict thereby bars subsequent retrial. As a matter of fact, in each of the cases cited it is affirmatively recognized that the doctrine of former jeopardy does not preclude retrial after discharge of a jury "for inability to agree, or for some other overruling necessity". *People* v. *Parker, supra,* at 499. See, also, *People* v. *Brosky, supra,* at 654; *In re Earle, supra,* at 302; *Green* v. *United States, supra,* at 188; *Selvester* v. *United States, supra,* at 264; and *United States* v. *Perez* (1824), 22 US (9

---

[5] Const 1908, art 2, § 14, read as follows:

"No person, after acquittal upon the merits, shall be tried for the same offense. All persons shall, before conviction, be bailable by sufficient sureties, except for murder and treason when the proof is evident or the presumption great."

For our current constitutional provision, see Const 1963, art 1, § 15.

Wheat) 579, 580 (6 L ed 165).[6]   At most, as in *People* v. *Parker, supra,* the inquiry in cases such as the one at bar turns upon determination whether the trial judge was entitled to conclude that the jury in fact was unable to reach a verdict.

Here, the jury began its deliberations at 2:30 in the afternoon of Friday, November 22, 1957. It was excused that afternoon at 4:30.   It resumed deliberating on the following Monday at 10, after hearing, at request of counsel, the trial judge restate the parties' theories of the case.   At 6 that evening the jury was asked by the trial judge if it had agreed upon a verdict and the foreman replied, "Your Honor, it looks like we can come to no decision".   The judge advised the jury that he would require them to continue their deliberations after dinner and, after dinner, the jury did continue its deliberations from 8 that evening until 9:20.   At 10 in the morning of the following day, Tuesday, the trial judge supplemented his instructions to the jury with the familiar charge urging agreement if agreement were at all possible, with due regard for the burden of proof and the respective rights of the people and the defendant.   This instruction was followed, upon request of the jury foreman, with a repetition of the trial court's earlier instructions relating to the charges of conspiracy to bribe and bribery, whereupon the jury retired for further deliberations.   At 3:55 in the afternoon, the jury returned to the courtroom and the following occurred:

*"The Clerk:* Members of the jury, have you agreed upon a verdict? If so, who will speak for you?

---

[6] For a current and helpful review of Federal and State cases which have considered the problem of double jeopardy, see Note, "Double Jeopardy: The Reprosecution Problem", 77 Harvard L Rev 1272 (May, 1964).

"*The Court:* Of course you understand, Mr. Foreman, that we wish an expression as to each and every count.

"*Foreman Budd:* Yes, sir.

"*The Court:* Go ahead.

"*Foreman Budd:* We have been unable to reach a verdict on counts 1 and 2. Do you wish the verdict on counts 3 and 4 at this time?

"*The Court:* Yes.

"*Foreman Budd:* On count 3 the verdict is not guilty. On Count 4 the verdict is not guilty.

"(The jurors were sworn on their verdict.)

"*The Court:* Ladies and gentlemen of the jury, again the court wishes, as profusely as it is able, to thank you again for your diligence, the sincerity and the obvious interest that you took in the case and the very serious and considered judgment that you gave to it. The people of the county of Wayne are obligated to you and the court wishes to thank you publicly in this manner.

"The jury in this matter is discharged.

"*Mr. Young:* Thank you. May I extend my thanks to the jury for their full attention and consideration throughout the case.

"*Mr. Gilmore:* I already did."

There is no indication in this record, as there was in *People* v. *Parker, supra,* that defendant at any time objected to the discharge of the jury or even requested that the judge make further inquiry to determine whether there was any probability that the jury ultimately could agree upon a verdict with reference to the charges of conspiracy to bribe and bribery. It would have been better practice had the trial judge made further inquiry on the record to determine whether any reasonable probability of jury agreement existed. Nonetheless, considering the protracted period during which the jury deliberated, the information conveyed to the court by the jury foreman late Monday afternoon, the supple-

mental instructions given to the jury by the trial judge on Tuesday morning, and the statement by the foreman Tuesday afternoon that "we have been unable to reach a verdict on counts 1 and 2", we are persuaded, as was the trial judge and, apparently, counsel for defendant at the time, that there was no reasonable probability of jury agreement and, therefore, that the jury properly was discharged. Such discharge, even without defendant's consent, was then authorized by statute in this State.[7] Discharge of a jury for such reason does not bar retrial on the same charges. See *People* v. *Jones,* 48 Mich 554, 555, and *People* v. *Taylor,* 117 Mich 583, 587.

## IV.

Defendant also claims that he is entitled to discharge because the people's principal witness denied, in defendant's first trial, bribing defendant, and it is claimed, therefore, that without such evidence the people cannot prove the charges made against defendant. The contention patently is without appellate merit.

### Conclusion.

The foregoing views compel our affirmance of Judge Bowles' ruling from which appeal was taken. In addition, they reflect the judiciary's commitment to bar procrastination by either party in a criminal case. Because so much time already has elapsed, including more than an ample portion thereof since

---

[7] "When any jury shall be empaneled to try any issue, to make any inquiry, or to assess any damages, if they cannot agree after being kept together for such time as shall be deemed reasonable by the court or officer before whom they shall have appeared and been empaneled, such court or officer may discharge them, and issue a precept for a new jury, or order another jury to be drawn, as the case may require; and the same proceedings shall be had before such new jury as might have been had before the jury so discharged." CL 1948, § 618.53 (Stat Ann § 27.1033). See currently applicable GCR 1963, 512.3, 11.1, and 785.

leave to appeal was granted, and because the criminal charges against defendant involve his performance of a public trust, we consider it essential that this case be tried promptly upon remand or that the charges be dismissed.

Affirmed and remanded for further proceedings in accordance with this opinion.

DETHMERS, KELLY, BLACK, SMITH, and O'HARA, JJ., concurred.

KAVANAGH, C. J., and ADAMS, J., did not sit.