Judge ThacheR
delivered the opinion of the court.
This was writ of error from the judgment of the judge of the'ninth judicial district, upon an investigation, by virtue of a writ of habeas corpus.
The plaintiif in error is under indictment for murder. He claimed his discharge upon two grounds; that he had been deprived, through the default of the state, of his constitutional privilege of a speedy trial; and that the indictment, by process under which he was now held in-imprisonment, is null and void.
One who is prosecuted by indictment or information has, by the constitution, his right to a speedy and impartial trial. He shall not be unnecessarily hindered and delayed, in his efforts to relieve himself from the burden of an onerous charge of crime. But the constitution also declares, that he shall not be deprived of his life or liberty, blit by due course of law. Const, art. 1, sec. 10. Delays growing out of the established mode of proceeding, which has been so established by law, equally for 'the protection of the accused, and to accomplish the design of the scheme of laws, are evils, necessarily attendant upon all human systems of jurisprudence. They are evils to which all may be subjected alike, and which constitute a part of the price paid for the advantages/far greater in proportion, thereby derived. By a speedy trial is then intended, a trial conducted according to fixed rules, regulations, and proceedings of latv, free from vexatious, capricious, and oppressive delays, manufactured by the ministers of justice.
In examining the record, we can see but one cause of delay, which did not originate, directly and immediately, from the accused himself; and that exception seems to be the one most urgently pressed upon this court. The state of facts relied upon most forcibly in the argument, as exemplifying the state’s de *508 fault was, that the pending indictment was found by the grand jury of Pontotoc county, on Tuesday, the 21st day of .March, 1843, that the accused was arraigned thereon on Thursday, the 23d day of the same month, and plead thereto, and that he thereupon demanded his trial, which was refused him, as he declined to waive his statutory right to a copy of the indictment for two entire days before his trial. H. & H. 667, sec. 15.
The trial, under these circumstances, could not have taken place at that term of the court. The circuit court of Pontotoc county could continue in session six judicial days, and no longer. Laws of 1842, 221, sec. 2. The statute gave the accused a right to an examination of the indictment, “ at least two entire days before the trial.” The service of copy must have been made some time on Thursday, and he would have been entitled to the days of Friday and Saturday, for it's examination, with the advice of counsel. The statute intends two entire judicial days. The fraction of the day of its service must be excluded in the computation, not only for the reason already given, but because the greatest liberality of construction should be accorded to an accused, in passing upon his rights and privileges before, during, and after his trial. Had a different estimate been made, by including the portion of Thursday, which, as we have said, would have been erroneous, then the trial could not have commenced until some time during Saturday, the last of the judicial days of that term. It must, necessarily, have been precipitated with haste, and without that deliberation and reflection on the part of the court, which is due, as a right, in the course of law to an accused, in so solemn and awful a position.
The main reason urged against the validity of the indictment, is based upon an alleged informality of the certification of the manner in which the jurors for the term of the court at which the indictment was returned, were drarvn. There having been an omission by the clerk of the circuit court, and sheriff of the county of Pontotoc, to draw the jurors, as required by the general circuit court law, in such case provided; the certificate of the clerk of the probate court shows, in the record, that the *509 clerk of the circuit court, and the sheriff of the county, -in presence of the judge of probate, and-during the term time of his court, did draw the requisite number of jurors, for the said March term, 1843, of that circuit court. H. & H. 491, sec. 46. The inspection and supervision of this proceeding, shows a judicial exercise of the duties of the judge of probate, which is properly, and must necessarily, under such circumstances, be certified unto by the clerk of that court. If done in vacation, the certificate may be by the judge of probate himself, but when done in term time, it must be certified by the clerk.
After a careful and elaborate examination of the record, in this case, we can see nothing that calls for a reversal of the judgment of the judge of the ninth judicial district.
The judgment is therefore affirmed.