## Richmond.

BENTON v. COMMONWEALTH.

NOVEMBER 23d, 1893.

1. CRIMINAL PROCEEDINGS—*Speedy trial—Continuance.*—Motion for continuance is always within the sound discretion of the court, to be exercised fairly with due regard to the circumstances and the law enacted pursuant to article 1, section 10, of the constitution, declaring that "in all criminal prosecutions a man hath a right to a speedy trial." Code, § 4016.
2. IDEM—*Case at bar.*—Defendant, in jail since September, 1892, all the time ready for trial, demanded trial on February 15, 1893, his case being set for trial on that day. Commonwealth announced that it had made no preparation for trial on that day, and had recalled processes for witnesses and could offer no evidence at that term. The court then continued the case until March 16th, the day of expiration of sentence of commonwealth's witness, B, who was then in jail for a felony, and incompetent to testify.

HELD:
    Such continuance was a reversible error.

Error to judgment of circuit court of Loudoun county, rendered April 13, 1893, refusing a writ of error to the judgment of the county court of said county, whereby the plaintiff in error, D. W. Benton, was sentenced to confinement in the State penitentiary for the period of two and a half years for a felony. Opinion states the case.

*Garrett & Garrett,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

D. W. Benton, the plaintiff in error, was indicted in the county court of Loudoun county, on the 8th day of August, 1892, of a felony, for which he was tried at the September term of the said court, 1892, and convicted and sentenced to be imprisoned in the penitentiary for a term of two years and six months. Upon a writ of error to this proceeding the circuit court of Loudoun county set aside this verdict and judgment, and ordered a new trial, which was had at the November, 1892, term of the county court of Loudoun county, when he was again convicted and sentenced. He obtained from this court a writ of error and supersedeas to this second conviction and judgment, which, upon the hearing, were reversed and set aside, and a new trial was ordered by this court, which judgment of this court was certified back to and was received by the clerk of the said trial court, the county court of Loudoun county, at 11:30 A. M., on the 2nd day of February, 1893, more than eleven days before the commencement of the February, 1893, term of the said county court of Loudoun county. At an interview on the said 2nd day of February, 1893, between the prisoner's counsel and the judge of the said court, at which the attorney for the commonwealth was present and conferring, the case of the prisoner was set for trial to be had on the first day of the then coming February term, 1893, according to the requirement of the statute; and the clerk of the said court, in preparation for the said trial, issued the summonses for the witnesses for the commonwealth accordingly for their attendance at the said trial of the prisoner so set for the first day of the said February term, 1893, by the order of the judge of the said county court of Loudoun county as aforesaid. On that same day, to-wit, on the 2nd day of February, 1893, the commonwealth's attorney for the county of Loudoun addressed a card to the clerk of the said county court, saying, that when he wanted the witnesses for the commonwealth summoned he would present the clerk with a list, and the

summonses that he, the clerk had issued, he would recall for the present. This the clerk did on the morning of the 3d, and none of the commonwealth's witnesses were summoned.

On the 2d day of February, 1893, the commonwealth's attorney stated to the judge of the county court and to the counsel for the prisoner, that he would not be ready at the next term for trial, and then said that the main reason—the chief reason—for a continuance, was that Welby Barton's time in jail would not expire until the 16th day of March, 1893, (which is an admitted fact) at which time he would be a competent witness. The said R. Welby Barton was then serving a term of imprisonment for a felony of which he had been tried and convicted and sentenced in the county court of Loudoun county.

The case was called upon the 13th day of February, 1893, the first day of the term, and the prisoner (who has been in jail since the —— day of September, 1892) was set to the bar in the custody of the jailor of the county court of Loudoun county; whereupon the commonwealth's attorney stated he had made no preparation to try the case at this term, and asked for a continuance of the same; to which the prisoner objected and demanded a trial, offering to admit as true, for the trial of the motion and the case, if had to-day, all the evidence the commonwealth had heretofore offered against him, except that of R. W. Barton and Herbert Wilson, who have been disqualified to testify in any case by the law of Virginia, and are not now competent or admissible witnesses. The commonwealth's attorney stated that he had no evidence to offer to remove the disability of the witness, Barton, at this time, and acknowledged that if forced to trial, or without the evidence of Barton at this time, he would enter a *nolle prosequi.*

The demand of the prisoner to be tried was denied by the court, and the continuance, on the motion of the commonwealth's attorney, was granted to the March term, 1893—the

16th of that Month. To which said action of the county court the prisoner objected and duly excepted, as set forth in his first bill of exceptions. On the 16th day of March, 1893, the case was called for trial; whereupon the prisoner moved the court to dismiss the prosecution and discharge him, because he had not been tried at the last (February) term of the court, at which time he, the prisoner, was ready for trial and demanded to be tried. And in support of this motion offered the bill of exceptions taken at the February term to the continuance; which motion the court overruled and the prisoner duly excepted, as set forth in his first bill of exceptions. The prisoner was then put upon trial, and the jury found him guilty of grand larceny as charged in the indictment, and fixed his punishment at two year's confinement in the penitentiary. Thereupon the prisoner moved to set the verdict aside because it was contrary to the law and the evidence, and moved in arrest of judgment and for a new trial. Which several motions the trial court denied, and pronounced judgment upon the verdict.

A motion for a continuance is always within the sound discretion of the court, to be exercised not arbitrarily, but, with due regard to all the circumstances of the case, fairly, and with conformity to the law of the land enacted in pursuance of the provisions of the constitution of Virginia, article 1, section 10, which declares that " in all criminal prosecutions a man hath a right to a speedy trial." In pursuance of this provision of the constitution, the statute (Code of 1887, section 4016) enacts " when an indictment is found against a person for a felony in a court wherein he may be tried, the accused, if in custody, * * * shall, unless good cause be shown for a continuance, be arraigned and tried at the same term "—at which an indictment is found. The " speedy trial," and the policy of the law to expedite the trial of criminal cases, forbid that the person accused of crime shall be detained in

prison beyond any term of the court at which he may be law-
fully tried unless good cause be shown for a continuance; and.
the Acts, 1889-90, p. 79, require the judges of the county
courts to set the criminal cases for trial ten days before the
first day of the terms of their courts; the object of which re-
quirement is, as interpreted by this court in *Hall's Case,* 89
Va., 171, to insure a speedy trial, for the benefit of the accused
no less than for the commonwealth.

When the accused is ready for and demands trial by a court
wherein he stands indicted, and may be lawfully tried, he is
entitled to trial without delay, unless the prosecution shall
show good cause for a continuance.   The prisoner, a thrifty
young farmer of the county of Loudoun, had been incarce-
rated in the county jail and denied the privilege of bail since
September, 1892, upon a felonious charge, for which he was
always ready and anxious to be tried, and his case was set for
trial on the 15th day of February, 1893—the first day of the
regular term of the county court of Loudoun county in which
he stood indicted—by the judge of that court eleven days be-
fore the beginning of the term.   His case was regularly called,
and he being set to the bar of that court in the custody of his
jailor, demanded to be then and there put upon trial.   The
commonwealth's attorney announced that he had made no
preparation for the trial at that term; that he had perempto-
rily recalled the processes issued by the clerk ten days before
for the summoning of the witnesses for the commonwealth; and
that he could not offer any testimony to convict the pri-
soner at that term of the court, even though the prisoner
offered to admit as true the statements of all the common-
wealth's witnesses who had not been summoned, except that
of R. Welby Barton, who was then a convicted felon serv-
ing out his term of imprisonment, and incompetent to tes-
tify in a court of justice.   That, if ruled to trial at that
term of the court, he would enter a *nolle prosequi.*   Upon this

statement the court granted the motion of the commonwealth's attorney and continued the case till the March term of the court, and denied the prisoner's demand for a trial at that term of the court. This arbitrary continuance was granted by the court solely upon the ground, suggested by the commonwealth's attorney, that he could not convict the prisoner without the testimony of one R. W. Barton, a convicted felon, whose term of imprisonment would expire on the 16th day of March, 1893; and who, by his own confession, was an accomplice in the crime charged against the prisoner, for which he had been given immunity from arrest or prosecution, as an approver of State's evidence.

If the court could thus, by its own arbitrary action, deny to the prisoner the trial set for the 15th day of February, and then demanded by him, and remand him to jail until the 16th day of March, 1893, to await the expiration of the term of imprisonment of a convicted felon, where is the limit of the discretion and the line of demarkation, which will restrain a judge from holding a prisoner bound and incarcerated, indefinitely, upon a charge of which the law presumes him innocent, to await the expiration of the longest term of any felon undergoing the penalty of his crime. The principle is the same, whether the time be for thirty days or thirty months.

The county court of Loudoun county at its February, 1893, term, without good cause or warrant of law, continued the prisoner's case till the 16th day of March, 1893, and thus denied to him the speedy trial guaranteed to him by the law and constitution of Virginia. No person can be arbitrarily held and imprisoned without trial. In the case of the *United States* v. *Fox,* 3 Montana T., 513, Fox was indicted, at the November term, 1879, for forgery, &c. At that term two juries failed to agree, and were, with the consent of the defendant, discharged. At the March term following, 1880, the United States was not ready for trial, because Congress had failed to

appropriate money with which the marshal could defray the expenses of summoning witnesses, and the witnesses were not summoned, and because of the absence of these witnesses the trial court continued the case. Fox applied, by *habeas corpus*, to be discharged, and his motion was overruled by the trial judge; but the supreme court reversed the trial judge and discharged the prisoner.

In the case of *Klock* v. *People*, 2 Park, 676, the court held that it was not allowable, and was a denial of a " speedy trial " for a public prosecutor to arrest the trial of a prisoner so as to enable him to try the accused at a subsequent term, solely because he finds himself unprepared with the evidence to convict, when his condition is not the result of improper practice on the part of the prisoner, or some one acting with or for him. And that it was a denial of a speedy trial if the prosecution had neglected or failed to procure the attendance of witnesses who had not been summoned; and that it is not material to inquire for what reason the prosecution so failed or neglected to prepare for trial, the fact of such failure or neglect is sufficient.

For the foregoing reasons, we are of opinion to reverse the judgment of the county court of Loudoun county; and this renders it unnecessary to state and analyze the evidence upon which the prisoner was convicted. It is sufficient to say that it was, in character and certainty, wholly insufficient to warrant the verdict of guilty, consisting mainly and essentially of the uncorroborated statements (vague and indefinite as to the value of the property alleged to have been stolen) of the witness, R. W. Barton, a released felon, that day only out of jail and a self-confessed accomplice in the crime, which he had every motive to fasten upon D. W. Benton as the consideration for his own immunity from prosecution and punishment for it by the commonwealth.

The county court of Loudoun county erred in overruling

the motion of the prisoner to set the verdict aside on the ground that it was contrary to the law and the evidence, aud in overruling the motion in arrest of judgment.

The verdict must be set aside; the judgment reversed and annuled.

LEWIS, P., and LACY, J., dissented.

JUDGMENT REVERSED.