## PEOPLE *v.* DEN UYL.

1. COMMON LAW—HABEAS CORPUS ACT—SPEEDY TRIAL.

   While the habeas corpus act of 1679, requiring indictment and trial of one accused of crime by the end of the second term of court following commitment or be discharged, did not create new rights, it did afford a better means of enforcing rights already established by the common law and the principles of the act itself as to a speedy trial have become a part of our common law (31 Car. II, chap. 2).

2. CONSTITUTIONAL LAW—SPEEDY TRIAL—STATUTES.

   Statutes providing a time limitation upon delay of a criminal trial are supplementary to the constitutional provision for a speedy trial and are enacted to give it concrete form and force (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, §§ 17193, 17196, 17199, 17294).

3. SAME—SPEEDY TRIAL—DISCRETION OF COURT.

   The term "speedy" trial, as used in the Constitution, means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court, not necessarily that the defendant is entitled to have his trial commence immediately after being bound over to the trial court, as various circumstances might be involved in determining what was a reasonable time, including the gravity of the offense, the number of witnesses involved and the terms of court; hence, the matter must necessarily be left to the discretion of the trial court (Const. 1908, art. 2, § 19).

4. SAME—SPEEDY TRIAL—LAPSE OF TIME.

   The lapse of time is but one factor to be considered in determining whether or not one accused of crime has been granted the "speedy" trial guaranteed by the Constitution (Const. 1908, art. 2, § 19).

5. CONTINUANCE—ABSENCE OF A MATERIAL WITNESS.

   The absence of a material witness is good cause for continuance for a reasonable period, where it appears probable that the witness will be produced and will testify.

6. SAME—APPEAL—TIME.

> The taking of an appeal by either the State or another party will constitute good cause for delay within reasonable limits of time.

7. CONSTITUTIONAL LAW—SPEEDY TRIAL—ATTENDANCE OF WITNESSES.

> The right of speedy trial should not operate to deprive the State of a reasonable opportunity of fairly prosecuting criminals and it is entitled to a reasonable time in which to secure the attendance of witnesses (Const. 1908, art. 2, § 19).

8. SAME—SPEEDY TRIAL—FIXED RULES OF LAW—DELAY.

> A speedy trial in a criminal prosecution, as the term is used in the Constitution, means a trial regulated by fixed rules of law which insure the protection of the constitutional guarantee and a delay created by operation of those rules is not a denial of such trial (Const. 1908, art. 2, § 19).

9. SAME—SPEEDY TRIAL—BAIL—REPUTATION.

> While the fact that a defendant in a criminal prosecution is at liberty on bail is to be taken into consideration in determining whether the case has been delayed for an unreasonable time, such a defendant does not lose his constitutional privilege of a speedy trial as the defendant is entitled to protection from harassment of being subjected to accusation with its harmful effect on reputation and business affairs (Const. 1908, art. 2, § 19).

10. SAME—SPEEDY TRIAL—DELAY WITHOUT FAULT OF EITHER PARTY.

> Where neither the State nor the defendant in a criminal prosecution has been at fault and the delay is due to other circumstances there must be a limit to the time during which trial is delayed and yet be a "speedy" trial, as that term is used in the Constitution (Const. 1908, art. 2, § 19).

11. CRIMINAL LAW—CONTINUANCE—PRELIMINARY EXAMINATION—ABSENCE AND REFUSAL OF MATERIAL WITNESS TO TESTIFY.

> In order to justify an eighth continuance of a preliminary examination of a number of defendants on charge of conspiracy to obstruct legislation and wilfully and corruptly to influence the action of the legislature by offering and receiving bribes to a time some 18 months following issuance of warrant for arrest, there must be a probability, as distinguished from a mere possibility that the material witness whose absence or refusal to testify has provoked previous continuances can be had at the time to which the examination is deferred, and that he will testify (Const. 1908, art. 2, § 19).

12. CONSTITUTIONAL LAW—SPEEDY TRIAL—SEVERAL CONTINUANCES —ENTIRE AMOUNT OF DELAY.

The fact that the several continuances of a criminal prosecution were each for a brief period would not preclude a finding that the entire amount of the delay exceeded the constitutional guarantee of a speedy trial (Const. 1908, art. 2, § 19).

13. SAME—SPEEDY TRIAL—PRESUMPTION OF DAMAGE DUE TO DELAY.

Where constitutional rights are invaded, injury to one accused of crime, by way of damage to his reputation and his mental harassment of being made to await trial, is conclusively presumed (Const. 1908, art. 2, § 19).

14. CRIMINAL LAW—DELAY IN PRELIMINARY EXAMINATION—SPEEDY TRIAL.

A prolonged delay in concluding a preliminary examination of one charged with crime has a direct bearing upon the right of the accused to a speedy trial (Const. 1908, art. 2, § 19).

15. SAME—PRELIMINARY EXAMINATION—EVIDENCE—SPEEDY TRIAL— DUE PROCESS.

Where it does not appear that the material witness for the people, whose absence or refusal to testify has, over protests of defendants, provoked 8 continuances of preliminary examination for period of some 18 months from time defendants were arrested on charge of conspiracy to obstruct legislation and wilfully and corruptly to influence the action of the legislature by offering and receiving bribes, will testify for the State, the examining magistrate is ordered to conclude the examination within 60 days and determine whether there is sufficient testimony to bind defendants for trial or discharge them, the question as to whether the denial of a speedy trial by a State court is a denial of due process under the Constitution of the United States not being determined (U. S. Const. am. 14).

Appeal from Ingham; O'Hara (Chester P.), J., presiding. Submitted February 10, 1948. (Calendar No. 43,962.) Decided April 5, 1948.

Simon D. Den Uyl and others were charged with offense of common-law conspiracy to wilfully, wrongfully and unlawfully obstruct the due course of legislation and wilfully and corruptly to affect and influence the action of the Michigan legislature. De-

fendants review order granting eighth continuance of preliminary examination by appeal in the nature of mandamus. Writ granted requiring conclusion of preliminary examination within 60 days.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Richard B. Foster,* Special Assistant Prosecuting Attorney, for the people.

*Eugene L. Garey* and *Wm. Henry Gallagher,* for defendants Bohn, Stoddard, Den Uyl and Slattery.

*Clayton F. Jennings* and *Hubbard, McCullough & Fox,* for defendant Ballard.

*Frank Blackman,* for defendant DeLano.

*Benjamin F. Watson,* for defendant Isbister.

*Roscoe Goembel,* for defendant Stanley.

*George Fitzgerald* and *Edward Martin Welch,* for defendants Nagel, Gallagher, Sumeracki, Walsh and Kowalski.

*William G. Fitzpatrick,* for defendant Burns.

*Roy A. Loomis* and *Charles W. Jones,* for defendant Diggs.

*Allen H. Blondy,* for defendant Blondy.

*Joseph Joseph,* for defendants McLaughlin and McEwen.

*Joseph M. Donnelly,* for defendant Stenson.

*Milton I. Hauser* ,and *William F. Russell,* of counsel.

BOYLES, J.   This is an appeal in the nature of mandamus from an order continuing the preliminary examination in the above case made by Honorable Chester P. O'Hara, one of the circuit judges for Wayne county sitting as the examining magistrate in Ingham county.   Appellants claim that the denial of their repeated demands to conclude their preliminary examination on the charges against them and the repeated granting of continuances for more than 18 months over their objections, is a violation of their constitutional and statutory right to a speedy examination and trial.   The delay has been caused by the refusal of one Charles F. Hemans, claimed by the prosecution to be the main witness against appellants, to testify at such examination. The question here for decision is whether the refusal of Hemans to testify and the inability of the prosecution thus far to obtain his testimony constitutes good cause for a further adjournment after seven previous adjournments and for more than 18 months.

On July 20, 1946, Honorable Louis E. Coash, one of the circuit judges for Ingham county, acting as a so-called one-man grand jury under 3 Comp. Laws 1929, § 17217 (Stat. Ann. § 28.943), issued a warrant for the arrest of the appellants herein, charging them with conspiracy to obstruct legislation and wilfully and corruptly to influence the action of the legislature, by offering and receiving bribes.   The defendants appeared in court and were admitted to bail.   Examination before Judge O'Hara as said examining magistrate was commenced September 10, 1946, and witnesses were examined on various dates from September 10 through September 25, 1946. On the latter date the prosecution moved for a con-

tinuance of the examination because of its inability to produce Hemans as a witness, due to his absence from the State. Over objections of the defendants and notwithstanding their demand that the hearing continue, the examination was adjourned to October 9, 1946.

Prior to October 9, 1946, appellants' counsel were advised that the examination would be continued to October 16, 1946. On that date the prosecution produced Mr. Hemans as a witness for the people. He refused to answer certain questions on the ground that the answers might tend to incriminate him in a pending Federal prosecution. On September 16, 1946, he had been indicted by a Federal grand jury for leaving Michigan and traveling in interstate commerce with intent to avoid giving testimony in this matter, in violation of 48 Stat. at L. 782, as amended by 60 Stat. at L. 789 (18 USCA 1947 Cum. Supp. § 408e). (He was convicted of this offense on November 8, 1946, sentenced to a Federal penitentiary for a term of four years and appealed to the United States supreme court. See *Hemans* v. *United States* [C. C. A.], 163 Fed. [2d] 228, certiorari denied October 20, 1947, 332 U. S. 801 [68 Sup. Ct. 100, 92 L. Ed. ——].) Said conviction and sentence were thus affirmed.

On October 17, 1946, the examining magistrate upheld Hemans' right to refuse to testify. To permit an appeal by the prosecution from said ruling of the magistrate, and over the objection of the defendants, the examination was then further adjourned to January 6, 1947. Thereupon the prosecution, on leave granted, appealed said ruling to this Court.

Because that appeal was still pending, and over the continued objections and opposition of the defendants, the examination was again adjourned to

April 28, 1947, and defendants' motion to dismiss was denied on that date. The examination was then adjourned to June 30, 1947, and to October 9, 1947. On July 28, 1947, the United States circuit court of appeals for the sixth circuit affirmed Hemans' conviction of the offense charged in Federal court, whereupon a petition for certiorari was filed in the United States supreme court and denied on October 20, 1947, as hereinbefore stated.

On October 9, 1947, the prosecution moved for a further continuance because its appeal to this Court had not been decided and because Hemans' appeal from his conviction in Federal court had not been finally determined. At that time the prosecution offered an affidavit pursuant to Michigan Court Rule No. 36 (1945), as to the facts expected to be proved by Hemans as a witness and the diligence used to procure his attendance. Over strenuous protests by the defendants and notwithstanding their renewed assertions of their right to a speedy examination and trial, and despite their demands in open court that the examination be brought to a conclusion or the proceedings be dismissed, the magistrate again adjourned the examination to November 13, 1947.

On October 13, 1947, this Court affirmed the ruling of Judge O'Hara and upheld Hemans' privilege against self-incrimination. *People v. Den Uyl (In re Hemans)*, 318 Mich. 645. Hemans' application for certiorari from his conviction on the Federal charge having been denied by the United States supreme court on October 20, 1947, both of the pending appeals had thus come to a final determination. Thereupon the examination before Judge O'Hara was resumed on November 13, 1947. Hemans again refused to answer certain essential questions and was adjudged guilty of contempt. The magistrate directed the prosecution to submit a warrant for his

signature, to become effective upon the release of the witness from Federal imprisonment (presumably on November 8, 1950), then committing the witness to the county jail until such time as he would answer the questions or be discharged according to law. Hemans' four-year sentence on which he is still confined in the Federal penitentiary, unless he should be given a good-time allowance of which this Court has not been informed, would not expire until November 8, 1950.

The prosecution then moved for a further continuance until such time as Hemans should testify, or be dead, or otherwise incapable of testifying. Over further objections of defendants and their motions to dismiss, the examination was then adjourned until March 24, 1948. The court stated that the witness would be permitted to purge himself at any time. From said order of continuance the defendants have appealed to this Court in the nature of mandamus, seeking a vacation of the order granting said continuance, and asking that the magistrate be directed to proceed forthwith to a conclusion of the preliminary examination. The question now before us for determination is whether, under these circumstances, the constitutional and statutory right of the appellants to a speedy trial has been violated.

It will be seen that the lapse of time from appellants' arrest to the last adjourned date of the examination is approximately 20 months, and from the commencement of the examination over 18 months. The adjourned date is during the sixth term of court after the commencement of the examination. If continuances were allowable until the expiration of Hemans' term in the Federal penitentiary, the lapse of time between the arrest of the appellants and the time of Hemans' release (without good-time allowance) would be more than four years.

The Michigan Constitution (1908), art. 2, § 19, provides:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury."

The statutory provisions which apply to the question at bar are as follows:

"The State and accused shall be entitled to a prompt examination and determination by the examining magistrate in all criminal causes and it is hereby made the duty of all courts and public officers having duties to perform in connection with such examination, to bring them to a final determination without delay except as it may be necessary to secure to the accused a fair and impartial examination." 3 Comp. Laws 1929, § 17193 (Stat. Ann. § 28.919).

"The magistrate before whom any person is brought on a charge of having committed an offense not cognizable by a justice of the peace, shall set a day for examination not exceeding 10 days thereafter, at which time he shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the prisoner, in regard to the offense charged and in regard to any other matters connected with such charge which such magistrate may deem pertinent." 3 Comp. Laws 1929, § 17196 (Stat. Ann. § 28.922).

"Any magistrate may adjourn an examination for an offense not cognizable by him if the same be necessary, to the same or a different place in the county as such magistrate shall deem necessary; * * * Provided, That no adjournments, continuances or delays of such examination shall be granted by such magistrate except for good cause shown." 3 Comp. Laws 1929, § 17199 (Stat. Ann. § 28.925).

"The people of this State and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial." 3 Comp. Laws 1929, § 17294 (Stat. Ann. § 28.1024).

The precise question before us is as to the nature of the speedy trial thus guaranteed by the Constitution and statutes. Since they do not contain, as do the statutes of many States, a specific limitation of time that may elapse before trial, it is necessary to examine the history of these provisions and their counterparts in other jurisdictions, together with the principles laid down by judicial decision.

The right to a speedy trial may be traced, in the first instance, to the habeas corpus act of 1679 (31 Car. II, chap. 2) which provided that every person committed for treason or felony, if not indicted and tried in the second term or session, should be discharged from his imprisonment for such imputed offense. 3 Blackstone's Commentaries, ch. 8, p. 136. It was stated by COOLEY, J., *In the Matter of Jackson,* 15 Mich. 417, 435, 436, that the habeas corpus act created no new rights, but afforded a better means of enforcing rights already established by the common law. And the principles of the habeas corpus act have become a part of our common law. 1 Cooley, Constitutional Limitations (8th Ed.), p. 646 footnote, 718; 2 Kent's Commentaries (14th Ed.), p. 27. It is therefore proper to look to the common law for some indication of the meaning of the phrase "speedy trial."

In *United States* v. *Fox,* 3 Mont. 512, a frequently cited case, the court said:

''Some idea of the term, 'speedy trial' at common law may be gathered from the fact that by that law, in order to insure the trial of all prisoners within a certain time, a patent in the nature of a letter is issued from the king to certain persons appointing them his justices, and authorizing them to deliver his jails. Bouv. Law. Dic., title Gaol Delivery.

''The jails are thus cleared and all offenders tried, punished or delivered twice in every year, 2 Blackstone's Commentaries (Shars. Ed.), book IV, 270.''

Many States have enacted statutes providing a time limitation upon delay of trial. The statutes are held to be supplementary to the constitutional provisions for speedy trial and enacted to give it concrete form and force. The time limit generally prescribed, with conditions of further delay, is from 60 days to three terms of court. *People* v. *Foster,* 261 Mich. 247. These statutes are a further indication of what has commonly been accepted as a reasonable time within which trial must take place. Such an indication may be seen in 3 Comp. Laws 1929, § 17252 (Stat. Ann. § 28.978). Although this section does not apply specifically to prisoners on bail, it does indicate the legislative policy upon the procedure to secure a speedy trial (*People* v. *Foster, supra,* 254). Said section provides:

''Every person held in prison upon an indictment shall, if he require it, be tried at the next term of court after the expiration of 6 months from the time when he was imprisoned, or shall be bailed upon his own recognizance, unless it shall appear to the satisfaction of the court that the witnesses on behalf of the people have been enticed or kept away, or are detained and prevented from attending court by sickness, or some inevitable accident.''

In *Hicks* v. *Judge of Recorder's Court of Detroit,* 236 Mich. 689, the Court said:

"In view of this constitutional provision it becomes, necessary to inquire what a speedy trial means. We apprehend it means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court. 16 C. J. p. 439. A speedy trial does not mean that the defendant is entitled to have his trial commence immediately after being bound over to the trial court. What would be a reasonable time in one case would be perhaps unreasonable in another. The question might be affected by the gravity of the offense, the number of witnesses involved, the terms of court, and many other circumstances. Owing to this, much must necessarily be left to the discretion of the trial court."

In that case it was held that an order entered on the prosecutor's motion, for an indefinite postponement, after trial had already been postponed nearly 18 months, on the charge of perjury in the probate of a will, for the reason that the will case was still pending in circuit court, was an abuse of discretion and an infringement of accused's constitutional right. The Court granted mandamus, directing the trial court to act in the matter within 30 days.

It is clear, then, that lapse of time is not the only factor to be considered, but is one of the circumstances to be taken into account. *State, ex rel. Eubanks,* v. *Cole,* 4 Okla. Crim. 25 (109 Pac. 736, 743). The absence of a material witness is good cause for continuance for a reasonable period, where it appears probable that the witness will be produced and will testify. In *Regina* v. *Bowen,* 9 Car. & P. 509 (173 Eng. Rep. 933 [nisi prius]), a prisoner had been committed before the spring assizes for shooting, and trial was postponed to the summer assizes on the ground that the party shot was too ill to attend. At the summer assizes, the party injured

having died, a true bill of murder was found against the accused. It was held, that the prosecution was entitled to postpone trial until the next spring assizes, on the ground of illness of a material witness, and the accused was not entitled to be discharged under the habeas corpus act. The court said:

"I am bound to postpone this trial. Who can prevent such an occurrence as this? I have as great a respect as any man for the habeas corpus act; but it is a human law, and must be humanly interpreted. The proviso is, that the prisoners should be indicted and tried at the second assizes: Now he is indicted, but his trial must be subject to human contingency."

In *Ford* v. *Superior Court,* 17 Cal. App. 1 (118 Pac. 96), cited in *People* v. *Foster, supra,* and approved in *Harris* v. *Municipal Court of City of Los Angeles,* 209 Cal. 55 (285 Pac. 699), the court made the following statement (p. 5):

" 'It is well to remember that this case involves fundamental rights and is of universal interest. Around those rights the English have waged their great battle for liberty. Without the narration of the conflicts to which they have given rise the history of the English people would be a dull affair. The right of the government with reference to persons accused of crime has been, and is yet, a matter of grave consideration. It led to the agitation which wrung from power the Great Charter, the Petition of Right and the Habeas Corpus Act. All the great achievements in favor of individual liberty of which the English people are so justly proud may be said to have come through contests over the rights of persons imprisoned for supposed crime.' (*In re Begerow,* 133 Cal. 349, [65 Pac. 828, 56 L. R. A. 513, 85 Am. St. Rep. 178].)"

One of the circumstances which will constitute good cause for delay, again within reasonable limits

of time, is the taking of an appeal, whether by the State or another party. See *People* v. *Giesea,* 63 Cal. 345, and the annotation in 56 L. R. A. 513, 519. The right of speedy trial should not operate to deprive the State of a reasonable opportunity of fairly prosecuting criminals. *State* v. *Keefe,* 17 Wyo. 227 (98 Pac. 122, 22 L. R. A. [N. S.] 896, 17 Ann. Cas. 161). The prosecution is entitled to a reasonable time in which to secure the attendance of witnesses. *State* v. *Pratt,* 20 S. D. 440 (107 N. W. 538, 11 Ann. Cas. 1049).

It is sometimes said that a speedy trial means a trial regulated by fixed rules of law, and that delay created by operation of those rules is not included in the meaning of the constitutional provision. See *Nixon* v. *State,* 10 Miss. 497, 507 (41 Am. Dec. 601); *Arrowsmith* v. *State,* 131 Tenn. 480 (175 S. W. 545, 547, L. R. A. 1915 E, 363; *Ex parte Munger,* 29 Okla. Crim. 407 (234 Pac. 219, 221). But the rules of law must be such as to insure the protection of the constitutional guarantee.

There is a conflict of decision as to the rights of an accused at liberty on bail. Some courts hold that at least the statutory limitations of time do not apply. *Hammond* v. *State,* 39 Neb. 252 (58 N. W. 92); *State* v. *Williams,* 35 S. C. 160 (14 S. E. 309). But in this State an accused on bail does not lose his constitutional privilege. *Hicks* v. *Judge of Recorder's Court, supra,* 691. This Court and others have recognized that the privilege is a protection, not only against the hardships of imprisonment, but also against the harassment of being subjected to accusation, with its harmful effect on the defendant's reputation and business affairs. See *State* v. *Keefe, supra; Pines* v. *Woodbury District Court,* 233 Iowa, 1284 (10 N. W. [2d] 574); *Ford* v. *Superior Court, supra; Harris* v. *Municipal Court of City*

*of Los Angeles, supra.* The fact that defendant is at liberty is a fact to be taken into consideration with the others in determining whether the case has been delayed for an unreasonable time. *People* v. *Foster, supra,* 252; *People* v. *Shufelt,* 61 Mich. 237, 241.

Again, it is argued that unless the State is at fault, a continuance should always be granted. *State* v. *Mollineaux,* 149 Mo. 646 (51 S. W. 462); *Ex parte Meadows,* 71 Okla. Crim. 353 (112 Pac. [2d] 419); *Commonwealth* v. *Carter,* 28 Mass. (11 Pick.) 277. But the latter case involved no constitutional provision and the question was not as to the right of a speedy trial, but rather as to the right to bail. In the first two cases the defendant had acquiesced in the delay, which is not the situation here. Where neither the State nor the defendant has been at fault and the delay is due to other circumstances, there must yet be a limit to the time during which trial is delayed. No showing has been made in the case at bar, that the refusal of Hemans to testify has been procured by or connived at by the defendants. Under those circumstances something more must be shown to justify so long a delay, than the materiality of his testimony. It must be shown that there is a reasonable probability of his testifying at the adjourned date. See *Benton* v. *Commonwealth,* 90 Va. 328 (18 S. E. 282), and 91 Va. 782 (21 S. E. 495), in which a continuance of one month to await expiration of the imprisonment of defendant's alleged accomplice, a convicted felon, so that he might be a competent witness, was held reversible error. (The strictness of the decision as to the time involved was due, however, not to the constitutional guarantee but to a statutory requirement.) In *Ford* v. *Superior Court, supra,* at 10, 11 and 12, it was held that the absence alone of an indispensable witness from the State is not good

cause for delay. There must also be shown the probability that he will testify. The court said:

"To this need only be added that a showing made in support of an application for a continuance by either party, in a civil or criminal case, must contain a definite statement of facts from which it may be reasonably inferred that the absent witness will return or can be brought back to the jurisdiction within such time as to prevent an unreasonable delay in the trial of the case and be available as a witness at the time to which the continuance is ordered.

"As a matter of course, the rule is applied with ever-increasing rigidity where repeated continuances are asked for, and in such a case a stronger showing of diligence and certainty is required in support of each successive application. * * *

"As to the third requirement it appears that the witness, taking advantage of the situation, as might be expected of any man in his predicament, placed himself without the jurisdiction of the court and beyond all reach of process. The facts of this case do not warrant the 'inference that in all likelihood he will return,' but if such an inference could be fairly deduced from any of the circumstances surrounding the departure of the witness, it would be immediately met and overcome by his expressed intention that if he ever returned to this jurisdiction it would not be at a time when he could be compelled to attend and testify in any of the cases pending against petitioner. However that may be, it is certain that no such remote inference as is here relied upon will suffice as a showing of good cause for the indefinite postponement of the trial of a criminal case. It concerns the public that there should be an end of litigation in criminal as well as in civil cases, and the law will not tolerate the repeated and never-ending postponement of a trial upon the vague hypothesis that at some indefinite time in the future

a fugitive witness may possibly return to the jurisdiction, and thus be available as a witness in the case.''

Hemans has more than two and one-half years yet to serve on his Federal sentence and nothing in this record indicates any reasonable probability that he will testify on behalf of the State during that time. Nor is there any fair indication as to the length of time after the lapse of said two and one-half years, during which Hemans might continue to refuse to testify, even though under the compulsion of continued sentences for contempt for said refusal, such as are now contemplated by the prosecution. And in this connection, while the immediate question here refers to the length of time during which a delay in concluding the preliminary examination may be had, that issue has a direct bearing on the right of the appellants to a speedy trial and the determination of the charges against them. They have the right to an examination before a magistrate, and obviously they cannot be tried for the felony with which they are charged until after they have been bound over to the circuit court of Ingham county, which court would have jurisdiction of such trial.

In *Commonwealth* v. *Brummer,* 8 Phila. 607, it was held that defendant should be discharged under the fourth-term rule, having been imprisoned four terms without a trial, where continuance had been granted by the court to obtain a witness who was permanently residing beyond the jurisdiction of the court, and there was no probability that he could be produced.

And in *Regina* v. *Bridgman,* Car. & M. 271 (174 Eng. Rep. 503), it was held that prisoners were entitled to be discharged from their recognizances where the trial had been postponed for two assizes, and there was no prospect of the prosecuting wit-.

ness soon returning from India, where he had gone as a soldier.

We do not go so far as to hold with Lord Mansfield, C. J., who said in *King* v. *D'Eon* (K. B. 1764), 1 Blackstone's W. Rep. 510 (96 Eng. Rep. 295):

"Three things are necessary to put 'off a trial. 1. That the witness is really material, and appears to the court so to be. * *. * 2. That the party who applies has been guilty of no neglect. 3. That the witness can be had, at the time to which the trial is deferred."

We do hold that there must be a probability, as distinguished from a mere possibility, that the witness can be had at the time to which the examination is deferred, and that he will testify.

We do not agree with appellee's argument, that because each continuance alone was for a brief period and might have been justified standing by itself, therefore the constitutional guarantee has not been exceeded. The delay is to be regarded in its entirety, in weighing it against the causes for further delay.

Nor do we agree that defendants have not been injured. Aside from the damage to their reputations, and the mental harassment of being made to await trial, injury is conclusively presumed, where constitutional rights are invaded. *People* v. *Murray,* 89 Mich. 276 (14 L. R. A. 809, 28 Am. St. Rep. 294).

No authority has been found on the question raised, whether denial of a speedy trial is denial of due process under the Fourteenth Amendment to the United States Constitution. In view of our disposition of this case, that question need not be considered.

Because of the gravity of the offense with which defendants are charged, we are reluctant to grant

the order requested. But the Court should not deny a right so important. *In re Begerow, supra.* We have seen no case in which a trial has been delayed this long, without the acquiescence of the defendant.

It is for the examining magistrate to decide whether the testimony already adduced is sufficient to bind the defendants over to the circuit court for trial, whether to afford an opportunity for further testimony, or to discharge the defendants. Reasonable opportunity should be allowed the examining magistrate for such decision. Mandamus will issue directing the examining magistrate to proceed with and conclude the examination within 60 days, or directing the magistrate to otherwise dismiss said charges and discharge the defendants.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred. CARR, J. did not sit.