KELLY, J.
(concurring in part and dissenting in part). I concur in the result of the majority’s opinion with respect to the issue of Yancy’s false testimony. It is reasonably likely that Yancy’s uncorrected false testimony affected the judgment of the jury; therefore, a new trial is warranted. I part ways with the majority to the extent that it would grant a new trial simply for “substantially misleading” testimony of a material witness that need not rise to the level of falsity and, further, dissent from the majority’s resolution of defendant’s speedy-trial issue.
I. FALSE TESTIMONY
I would grant a new trial on the basis of the false evidence in the form of Yancy’s testimony, which was *489 “uncorrected when it appear [ed]” during defendant’s trial.[1] The United States Supreme Court has long held that “a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction ... .”[2] The majority expands the “false evidence” standard by allowing a new trial on the basis of “substantially misleading” evidence in the form of testimony.[3] This standard is unworkable for the reasons articulated by Justice ZAHRA: it allows a reviewing court to “pick[] and choose [] small snippets of testimony”[4] to determine the “ ‘overall impression’ ” that those small snippets create.[5] I would simply examine whether the prosecutor knowingly proffered false testimony. By attempting to decipher the “overall impression” particular snippets of testimony made on the jury, and by potentially requiring prosecutors to correct testimony that might not actually be false, the majority creates an ambiguous standard that will be difficult to apply in practice.
Nevertheless, applying the traditional standard to this case, I agree with the majority that defendant is entitled to a new trial. Yancy’s testimony was, in fact, false. The Court of Appeals explained that “[o]n direct, cross, and redirect examination, Yancy repeatedly admitted that he was paid for cooperating with law *490 enforcement but repeatedly denied that any of the payment pertained to the instant case.”[6] Moreover, the prosecutor “did not exercise the opportunity to clarify” that Yancy “did receive payment for information pertaining to the case.”[7] For the reasons stated by the majority, I agree that this false—not just substantially misleading—testimony was prejudicial and warrants a new trial.
II. RIGHT TO A SPEEDY TRIAL
Although defendant is entitled to a new trial on the basis of false testimony, I would not simply remand for a new trial but would also remand for additional factual findings related to defendant’s speedy-trial claim, and I respectfully dissent from the majority’s conclusion that defendant is not entitled to any relief on this claim. The Court of Appeals acknowledged that the circuit court did not correctly apply the Barker v Wingo[8] balancing test to assess defendant’s speedy-trial claim after his trial was delayed for 41 months.[9] Specifically, the circuit court did not “follow [] the rule that after a delay of 18 months, prejudice is presumed,”[10] and the Court of Appeals likewise did not properly examine the extent to which the circuit court’s analysis was influenced by its failure to require the *491 prosecution to rebut the presumption of prejudice. I would therefore reverse the judgment of the Court of Appeals, vacate defendant’s convictions, and remand this case to a new judge in the Genesee Circuit Court to consider whether the prosecution overcame the presumption of prejudice to defendant’s person and defense.[11] If the presumption was overcome, a new trial is warranted on the basis of the reasoning provided in the majority opinion. However, if the presumption of prejudice to defendant’s person and defense was not overcome, a dismissal of all charges is the only remedy for a speedy-trial violation.
The right to a speedy trial is enshrined in the United States Constitution:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . .[12]
The United States Supreme Court has held that the right to a speedy trial serves "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.”[13]
*492 There is no bright-line rule that indicates a “fixed number of days” that must pass before a defendant’s right to a speedy trial is violated.[14] Instead, this Court applies the balancing test established by the United States Supreme Court in Barker v Wingo[15] in light of this Court’s presumption of prejudice “after a delay of 18 months.”[16] In Barker, the United States Supreme Court identified as some of the factors to be considered (1) the length of the delay, (2) the justification for the delay, (3) the defendant’s assertion of his or her right, and (4) the multifaceted prejudice to the defendant.[17] The Barker test is case-specific, and none of the four factors is dispositive.[18] In assessing the prejudicial effect of a delay on a defendant, the United States Supreme Court has observed that “[t]he time spent in jail,” as opposed to time released on bond, “has a detrimental impact on the individual.”[19]
Defendant waited in prison for 41 months before being brought to trial. The circuit court’s analysis of these delays inexplicably attributed extensive delays by the court to defendant.[20] As a result, despite a total delay exceeding 18 months at the time of defendant’s *493 first motion for a speedy trial, the court found that defendant had not established prejudice because the total delay by the state was less than 18 months. On appeal almost 25 months after defendant’s first motion for a speedy trial, the Court of Appeals recognized that the circuit court had misunderstood the Barker prejudice prong, observing that “irrespective of whether defendant or the prosecution is more at ‘fault’ for the 41-month delay here, the simple fact is that the delay was 41 months, and consequently the burden is on the prosecution to show that there was no prejudice.”[21] However, the Court of Appeals found no error in the circuit court’s independent inquiry into prejudice because its independent inquiry was not tainted by its misapprehension of the law.[22]
Contrary to the Court of Appeals’ conclusion, the circuit court’s prejudice inquiry was tainted by its misapprehension of applicable law. In People v Collins, this Court established that “[a]fter 18 months, the burden shifts to the prosecution to show there was no injury [to the defendant’s person or defense].”[23] No prosecutorial evidence overcoming the presumption of prejudice appears on the record.[24] By failing to fully *494 engage in the “difficult and sensitive balancing process” established in Barker, and therefore failing to impose the proper burden on the prosecution, the circuit court did not afford defendant the complete protection of his constitutional right to a speedy trial.[25] In other words, the Court of Appeals’ decision is “irreconcilable with. . . the original meaning of the Sixth Amendment. . . .”[26] Because the Court of Appeals did not afford defendant the presumption to which he is entitled, I would reverse the judgment of the Court of Appeals, vacate defendant’s convictions, and remand this case to a new judge in the Genesee Circuit Court for the correct application of the relevant law. Final disposition of defendant’s speedy-trial claim should await the prosecution’s showing that defendant was not prejudiced by the delay and the circuit court’s correct application of the remaining Barker factors.
BERNSTEIN, J., (with respect to Part II only), concurred with Kelly, J.

 Napue v Illinois, 360 US 264, 269; 79 S Ct 1173; 3 L Ed 2d 1217 (1959).

 Id.

 Although the majority cites United States v Harris for its “substantially misleading” standard, the full quotation from Harris equates substantially misleading testimony with testimony that “is untrue.” United States v Harris, 498 F2d 1164, 1169 (CA 3, 1974). Moreover, the testimony in Harris was, in fact, false, not just “substantially misleading.” See id. at 1166-1168.

 Post at 506-507 (Zahra, J., dissenting).

 Post at 503, quoting ante at 478 (opinion of the Court).

 People v Smith, unpublished opinion per curiam of the Court of Appeals, issued October 29, 2013 (Docket No. 304935), p 5.

 Id.

 Barker v Wingo, 407 US 514, 530-533; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

 See Smith, unpub op at 3.

 People v Grimmett, 388 Mich 590, 606; 202 NW2d 278 (1972), citing People v Den Uyl, 320 Mich 477; 31 NW2d 699 (1948). Grimmett was overruled in part on other grounds by People v White, 390 Mich 245, 258; 212 NW2d 222 (1970), which was in turn overruled by People v Nutt, 469 Mich 565, 596; 677 NW2d 1 (2003).

 People v Collins, 388 Mich 680, 694; 202 NW2d 769 (1972) (“There are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to his defense. Prejudice to his person would take the form of oppressive pretrial incarceration leading to anxiety and concern. Prejudice to his defense might include key witnesses being unavailable. Impairment of defense is the most serious, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.”) (quotation marks and citation omitted).

 US Const, Am VI; see also Const 1963, art 1, § 20 (“In every criminal prosecution, the accused shall have the right to a speedy and public trial. .. .”). This assurance is further codified in MCL 768.1.

 United States v Marion, 404 US 307, 320; 92 S Ct 455; 30 L Ed 2d 468 (1971) (quotation marks and citation omitted).

 People v Williams, 475 Mich 245, 261; 716 NW2d 208 (2006).

 Grimmett, 388 Mich at 605-606 (adopting the Barker test).

 Id. at 606.

 Barker, 407 US at 530.

 Id. at 533.

 Id. at 532.

 For example, it was the court that failed to respond to defendant’s motion to quash for more than seven months and delayed a response to defendant’s first motion for a speedy trial for almost five months. Both delays were attributed to defendant, presumably because he was the source of the timely filed motions. Additionally, defendant is allegedly a member of a gang and was indicted along with numerous other codefendants, also alleged gang members, allegations that rendered defendant’s case so complex, according to the circuit court and the prosecutor, as to account for a 3V2-year delay.

 Smith, unpub op at 3; see also Doggett v United States, 505 US 647, 652 n 1; 112 S Ct 2686; 120 L Ed 2d 520 (1992) (“Depending on the nature of the charges, the lower courts have generally found postaccu-sation delay ‘presumptively prejudicial’ at least as it approaches one year.”).

 Smith, unpub op at 4 n 1.

 Collins, 388 Mich at 695.

 See People v Davis, 123 Mich App 553, 561; 332 NW2d 606 (1983) (“After 18 months, the prosecution has the burden of showing that the defendant was not prejudiced by the delay. The people have not even attempted to show that defendant was not prejudiced. Consequently, we conclude that the defendant was prejudiced by the 31-month delay between his arrest and conviction.”) (emphasis added) (citations omitted).

 Barker, 407 US at 533.

 Alleyne v United States, 570 US_,_n 5; 133 S Ct 2151, 2163 n 5; 186 L Ed 2d 314 (2013); see also Barker, 407 US at 533 (“[B]ecause we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused’s interest in a speedy trial is specifically affirmed in the Constitution.”).